Motion for Rehearing Overruled; Majority and Concurring Opinions of
March 9, 2006 Withdrawn; Affirmed in Part, and Reversed and Remanded in Part
and Substituted Majority and Concurring Opinions filed July 6, 2006








 

Motion
for Rehearing Overruled; Majority and Concurring Opinions of March 9, 2006
Withdrawn; Affirmed in Part, and Reversed and Remanded in Part and  Substituted
Majority and Concurring Opinions filed July 6, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-01156-CV

____________

 

ROBERT ORTIZ, Appellant

 

V.

 

ANDREW COLLINS, TIM WELSH, AND
JEREL S. TWYMAN, Appellees

 



 

On Appeal from the 295th
District Court

Harris County, Texas

Trial Court Cause No. 02-64562

 



 

S U B S T I T U T E D   M A J O R I T Y   O P I N I O N

We withdraw the majority and concurring opinions issued
March 9, 2006 and substitute the following opinions in their place.








The trial court granted summary judgment against appellant
Robert Ortiz on all of his claims against appellees Andrew Collins, Tim Welsh,
and Jerel S. Twyman.  In four issues, Ortiz claims the trial court erred in
dismissing his claims.  In one cross issue, Collins and Welsh challenge this
court=s appellate
jurisdiction.[1] 
We affirm in part and reverse and remand in part.

                                                I.  Background

Collins and Welsh purchased a townhouse at a trustee=s foreclosure sale
on September 3, 2002.  Ortiz, the previous owner, challenged the foreclosure
but was unable to prevent it.  Collins and Welsh then attempted to gain
possession through a forcible detainer.  However, Collins and Welsh were still
unable to secure possession and hired an attorney, Twyman, who filed another
forcible detainer action in November 2002, nearly two months after the original
foreclosure sale.

While this second forcible detainer action was pending, the
parties entered into negotiations to settle the forcible detainer action and
for Ortiz to purchase the property from Collins and Welsh.  These negotiations
are the subject of the present litigation.  Ortiz claims that Collins agreed,
on his own and on Welsh=s behalf, to sell Ortiz the property for
$60,000, which is $10,000 more than they paid at the foreclosure sale, and to
have a contract prepared memorializing the agreement.  Ortiz claims that Twyman
told Ortiz=s brother, who was acting as Ortiz=s representative,
that he would wait fifteen days to execute on a writ of possession to allow the
parties time to finalize the contract and that he would execute on the writ of
possession only if Ortiz did not perform under the contract.  Relying on these
representations, Ortiz did not attend the December 4, 2002 forcible detainer
trial to assert his defenses.  Collins never prepared a contract, and so Ortiz
prepared one that neither Collins nor Welsh signed.  Fifteen days after the
forcible detainer trial, Twyman executed a writ of possession and gave Ortiz
twenty-four hours to vacate the property.








Appellees do not dispute that negotiations occurred but
deny there was ever an oral agreement to sell Ortiz the property.  Collins and
Welsh received Ortiz=s proposed contract but refused to sign
it, finding its terms unacceptable.  They waited fifteen days after the
forcible detainer trial and, without an agreement in place to sell Ortiz the
property, had Twyman execute a writ of possession.

The day after Ortiz received the notice to vacate, he filed
suit against Twyman, Collins, and Welsh.  In various amended and supplemental
petitions, Ortiz asserted claims for fraud, negligent misrepresentation,
promissory estoppel, breach of contract, violation of the Deceptive Trade
PracticesBConsumer Protection Act (ADTPA@), and conspiracy
to defraud and violate the DTPA.

Appellees moved for summary judgment in May 2003.  At that
time, Ortiz had three live pleadings (Plaintiff=s Original
Petition, Plaintiff=s First Supplemental Petition, and
Plaintiff=s Second Supplemental Petition).  The trial court, in
two orders signed on July 22, 2003, granted summary judgment on the claims
moved upon.  However, between the time appellees filed their summary judgment
motions and the trial court ruled on them, Ortiz filed two more supplemental
petitions (Plaintiff=s Third Supplemental Petition and Plaintiff=s Fourth
Supplemental Petition) asserting additional claims.  The trial court issued an
order in September 2003 clarifying that its prior summary judgment orders were
interlocutory, and appellees again moved for final summary judgment in October
2003.  The trial court ruled on these motions on August 12, 2004, dismissing
all claims asserted against appellees.  Again, Ortiz had filed another petition
(Plaintiff=s First Amended Original Petition) after the summary
judgment motions were filed but before the trial court ruled.  This latest
petition included some purportedly new claims against appellees and added a
fourth defendant.  This fourth defendant was never served, and on October 21,
2004, the trial court granted Ortiz=s motion to
nonsuit the fourth defendant.  The October 21 order also stated, AAll claims of all
parties in this cause have been disposed and are appealable.@








                                        II.  Standards of Review

Appellees= motions for summary judgment contained
both traditional and no‑evidence grounds.  See Tex. R. Civ. P. 166a(c), (i).  The
standard of review for a traditional motion for summary judgment is whether the
successful movant at the trial level carried its burden of showing that there
is no genuine issue of material fact and that judgment should be granted as a
matter of law.  KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.,
988 S.W.2d 746, 748 (Tex. 1999).  A defendant must conclusively negate at least
one essential element of each of the plaintiff=s causes of action
or conclusively establish each element of an affirmative defense.  Sci.
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997).  Under this
traditional standard, this court must take as true all evidence favorable to
the nonmovant and must make all reasonable inferences in the nonmovant=s favor.  See
id.  We review a no‑evidence summary judgment de novo by construing
the record in the light most favorable to the nonmovant and disregarding all
contrary evidence and inferences.  Merrell Dow Pharms., Inc. v. Havner,
953 S.W.2d 706, 711 (Tex. 1997).  A no‑evidence summary judgment is
improperly granted when the respondent brings forth more than a scintilla of
probative evidence that raises a genuine issue of material fact.  See Tex. R. Civ. P. 166a(i); Coastal
Conduit & Ditching, Inc. v. Noram Energy Corp., 29 S.W.3d 282, 284
(Tex. App.C Houston [14th Dist.] 2000, no pet.).  When, as here,
a trial court=s order granting summary judgment does not specify the
grounds upon which it relied, we must affirm summary judgment if any of the
summary judgment grounds are meritorious.  FM Props. Operating Co. v. City
of Austin, 22 S.W.3d 868, 872 (Tex. 2000).

                                                    III.  Analysis

A. 
Subject Matter Jurisdiction








In Collins and Welsh=s cross issue and
in appellees= motions to dismiss, appellees argue this court has no
subject matter jurisdiction because Ortiz did not file a timely notice of
appeal.  Ortiz filed his notice of appeal on November 19, 2004.  Appellees
argue this was untimely because it was more than thirty days after August 12,
2004, the date the trial court signed the second set of orders granting summary
judgment on all claims against them.  See Tex. R. App. P. 26.1(a).  Ortiz asserts that his notice of
appeal was timely because it was filed less than thirty days after the October
21 nonsuit order, which was the only final, appealable order.  He argues that
the August 12 orders were not final because they did not dispose of Twyman=s counterclaim for
attorneys= fees.[2] 
See N.Y. Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 679 (Tex.
1990) (holding that summary judgment order that did not dispose of counterclaim
for attorneys= fees under the DTPA was not final and appealable). 
Appellees respond that Twyman did not file a counterclaim for attorneys= fees but rather a
motion for sanctions, which does not affect the finality of the judgment.  See
Lane Bank Equip. Co. v. Smith S. Equip., Inc., 10 S.W.3d 308, 312 (Tex.
2000) (noting that Aa judgment does not have to resolve
pending sanctions issues to be final@).








Each of Twyman=s various answers
includes a ARequest for Sanctions@ under the DTPA, Tex. Bus. & Com. Code Ann. ' 17.50(c) (Vernon
2002).[3]
 Section 17.50(c) provides that a defendant in a DTPA action can recover
attorneys= fees A[o]n a finding by the court that an action
under this section was groundless in fact or law or brought in bad faith, or
brought for the purpose of harassment.@  Id. 
Ortiz argues that such a request for attorneys= fees amounts to a
counterclaim.  We agree.  Claims for attorneys= fees under
section 17.50(c) are routinely treated as counterclaims.  See, e.g., Klein
v. Dooley, 949 S.W.2d 307, 307B08 (Tex. 1997); Sanchez,
799 S.W.2d at 678B79; Vu v. Rosen, No.
14-02-00809-CV, 2004 WL 612832, at *9 (Tex. App.CHouston [14th
Dist.] Mar. 30, 2004, pet. denied) (mem. op.).  This is also consistent with
the treatment of requests for attorneys= fees in other
contexts.  See In re Frost Nat=l Bank, 103 S.W.3d 647,
650 (Tex. App.CCorpus Christi 2003, no pet.) (AAn affirmative
claim, stated in an answer, for recovery of attorney=s fees for the
preparation and prosecution of a defense constitutes a counterclaim.@); ECC Parkway
Joint Venture v. Baldwin, 765 S.W.2d 504, 514 (Tex. App.CDallas 1989, writ
denied) (AA claim for attorney=s fees is a claim
for affirmative relief.@).  Appellees emphasize that Twyman did
not call his request a counterclaim, but we look to the substance of a claim to
determine its nature, not its label.  See Goffney v. Rabson, 56 S.W.3d
186, 191 (Tex. App.CHouston [14th Dist.] 2001, pet. denied). 
This court has specifically held that although section 17.50(c) is similar in
some respects to Rule 13 of the Texas Rules of Civil Procedure, which
authorizes sanctions for filing a groundless pleading, an award of attorneys= fees under
section 17.50(c) does not constitute sanctions.  See Mosk v. Thomas, 183
S.W.3d 691, 695 (Tex. App.CHouston [14th Dist.] 2003, no pet.).

Because we have concluded that Twyman=s request for
sanctions under section 17.50(c) constitutes a counterclaim, the August 12
orders were not final and appealable because they did not dispose of this
claim.  See Sanchez, 799 S.W.2d at 679 (AThe summary
judgment in this case did not dispose of [defendant]=s counterclaim
[for attorneys= fees under section 17.50] and was not final and
appealable.@); accord Parks v. DeWitt County Elec.
Coop., Inc., 112 S.W.3d 157, 162B64 (Tex. App.CCorpus Christi
2003, no pet.).  There was no final, appealable order until the October 21
nonsuit order in which the trial court explicitly stated, AAll claims of all
parties in this cause have been disposed and are appealable.@  Because Ortiz
filed his notice of appeal within thirty days after the October 21 order, his
appeal was timely.  We deny appellees= motions to
dismiss and overrule Collins and Welsh=s cross issue.








B.  Fraud, Negligent Misrepresentation, Promissory
Estoppel, and Conspiracy to Defraud

Ortiz sued appellees for fraud, negligent
misrepresentation,[4]
and promissory estoppel based on their alleged misrepresentations during the
negotiation process when Ortiz was seeking to repurchase the property and
forestall execution of a writ of possession.  All three claims share the common
element of reliance.  See Beal Bank, S.S.B. v. Schleider, 124 S.W.3d
640, 647, 651, 654 (Tex. App.CHouston [14th Dist.] 2003, pet. denied). 
This reliance must be reasonable and justified.  See Am. Tobacco Co. v.
Grinnell, 951 S.W.2d 420, 436 (Tex. 1997); Beal Bank, 124 S.W.3d at
653B54; Gilmartin
v. KVTVBChannel 13, 985 S.W.2d 553,
558 (Tex. App.CSan Antonio 1998, no pet.).








Appellees argue that, as a matter of law, reliance on any
alleged misrepresentations is unjustified in this case because all
representations were made in an adversarial context.  We agree.  Generally,
reliance on representations made in a business or commercial transaction is not
justified when the representation takes place in an adversarial context, such
as litigation.  Coastal Bank SSB v. Chase Bank of Tex., N.A., 135 S.W.3d
840, 843 (Tex. App.CHouston [1st Dist.] 2004, no pet.); see
also McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests, 991
S.W.2d 787, 794 (Tex. 1999) (AGenerally, courts have acknowledged that a
third party=s reliance on an attorney=s representation
is not justified when the representation takes place in an adversarial context.@); Chapman
Children=s Trust v. Porter & Hedges,
L.L.P., 32 S.W.3d 429, 443 (Tex. App.CHouston [14th
Dist.] 2000, pet. denied) (stating that reliance on attorney=s statement would
not have been justifiable Agiven the adversarial nature of the
parties= relationship@).[5] 
AA party to an arm=s length
transaction must exercise ordinary care and reasonable diligence for the
protection of his own interests, and a failure to do so is not excused by mere
confidence in the honesty and integrity of the other party.@  Coastal Bank,
135 S.W.3d at 843.

Ortiz, who was represented by his brother during these
negotiations, does not dispute that the parties= relationship was
adversarial initially but contends there is a fact issue as to whether it
remained adversarial because the parties had settled their dispute.  Even
assuming the parties entered into an oral agreement to sell Ortiz the property,
the mere existence of that agreement did not align all parties= interests and
remove the adversarial nature of the relationship, particularly considering
that the written details had yet to be worked out.  See McCamish,
991 S.W.2d at 794 (holding that, in determining whether a relationship is
adversarial, courts should look to the relationship of the parties and the
extent to which their interests are aligned).  We hold that, as a matter of
law, the parties= relationship remained adversarial, and
thus any reliance by Ortiz on statements made by appellees during the
negotiation process was unjustified and unreasonable.[6] 
Thus, the trial court did not err in granting summary judgment on Ortiz=s fraud, negligent
misrepresentation, and promissory estoppel claims.








In addition to his fraud claim, Ortiz alleges that
appellees conspired to defraud him.  Conspiracy is not an independent cause of
action but requires an underlying tort.  Tilton v. Marshall, 925 S.W.2d
672, 681 (Tex. 1996); Hunt v. Baldwin, 68 S.W.3d 117, 133 (Tex. App.CHouston [14th
Dist.] 2001, no pet.).  Because summary judgment was proper on his underlying
fraud claim based on of a lack of justifiable reliance, summary judgment was
proper on Ortiz=s conspiracy to defraud claims as well.

Ortiz claims that summary judgment on his promissory
estoppel claim against Collins and Welsh was error because they did not move
for summary judgment on that claim.  He argues that because he asserted a
promissory estoppel claim in his First Amended Original Petition, which was
filed after Collins and Welsh=s second summary judgment motion, their
motion could not have covered this claim.  Thus, Ortiz contends, the trial
court erred in granting more relief than was requested.  See Wilson v.
Korthauer, 21 S.W.3d 573, 579 (Tex. App.CHouston [14th
Dist.] 2000, pet. denied).  However, summary judgment may be granted on
later-pleaded causes of action if the grounds actually asserted show that the
plaintiff could not recover on the later-pleaded cause of action.  Id.; accord
Espeche v. Ritzell, 123 S.W.3d 657, 664 (Tex. App.CHouston [14th
Dist.] 2003, pet. denied) (AIf a motion for summary judgment is
sufficiently broad to encompass later-filed claims, the movant need not amend
his motion.@).  Appellees moved for summary judgment on the ground
that any reliance was not justified, and since justifiable reliance is also an
element of promissory estoppel, the summary judgment motions were broad enough
to cover Ortiz=s later-pleaded promissory estoppel claim.  








Ortiz also argues that appellees did not move for summary
judgment on all of his fraud claims.  Ortiz asserts that his initial fraud
claim was for fraudulent misrepresentation and that he included a new claim for
fraudulent conduct in his First Amended Original Petition that was not included
in appellees= summary judgment motions.  Ortiz fails to explain how
these fraud claims differ, given that both are based on allegations that he
detrimentally relied on appellees= alleged
misrepresentations.  To the extent that these fraud claims are somehow
separate, both require reasonable reliance.[7] 
See Am. Tobacco Co., 951 at 436; Beal Bank, 124 S.W.3d at 653B54.  Thus,
appellees= summary judgment motions were sufficiently broad to
cover any claim for fraudulent conduct.  See Espeche, 123 S.W.3d
at 664; Wilson, 21 S.W.3d at 579.

The trial court did not err in granting summary judgment on
Ortiz=s claims for
fraud, negligent misrepresentation, promissory estoppel, and conspiracy to
defraud.  We overrule all four of Ortiz=s issues to the
extent he alleges summary judgment was improper as to these claims.

C. 
Breach of Contract

Ortiz sued Collins and Welsh[8]
for breach of contact, alleging that they breached their oral agreement to
resell him the property.  Collins and Welsh moved for summary judgment based on
the statute of frauds because a contract for the sale of real estate must be in
writing.  See Tex. Bus. &
Com. Code Ann. ' 26.01(b)(4) (Vernon Supp. 2005).  Ortiz
countered that promissory estoppel prohibits Collins and Welsh from asserting a
statute of frauds defense.  On appeal, Ortiz argues that the trial court erred
in granting summary judgment on his breach of contract claim because he raised
a fact issue as to each element of his promissory estoppel defense.








Promissory estoppel defeats a statute of frauds defense if
a plaintiff proves all elements of a cause of action for promissory estoppel in
addition to showing that the defendant promised to sign a written document
complying with the statute of frauds.  See Ford v. City State Bank of
Palacios, 44 S.W.3d 121, 139 (Tex. App.CCorpus Christi
2001, no pet.); see also >Moore= Burger, Inc. v.
Phillips Petroleum Co., 492 S.W.2d 934, 937 (Tex. 1972).  Ortiz claims that
Collins=s promise to
prepare a contract is sufficient to raise a fact issue on his promissory
estoppel defense and thus prevent summary judgment.  However, as previously
discussed, Ortiz=s promissory estoppel claim fails as a
matter of law because, given their adversarial relationship, his reliance on
any statements from appellees was unjustified.  That includes the alleged
promise to prepare a contract, which we note Ortiz admittedly did not rely on
because he eventually drafted a contract himself.  Just as a lack of
justifiable reliance defeats Ortiz=s promissory
estoppel cause of action, it prevents his use of promissory estoppel as a
defense to Collins and Welsh=s statute of frauds defense.  See
Collins v. Allied Pharmacy Mgmt., Inc., 871 S.W.2d 929, 936B37 (Tex. App.CHouston [14th
Dist.] 1994, no pet.) (applying reasonable reliance requirement to promissory
estoppel argument against statute of frauds defense).

We overrule Ortiz=s first issue to
the extent that he alleges the trial court erred in granting summary judgment
on his breach of contract claim against Collins and Welsh.

D. 
DTPA and Conspiracy to Violate the DTPA

Ortiz asserted that appellees conspired to and actually did
violate the DTPA by engaging in an unconscionable course of conduct during
their negotiations.  The DTPA grants consumers a cause of action for false,
misleading, or deceptive practices or acts.  Tex.
Bus. & Com. Code Ann. ' 17.50(a)(1)
(Vernon 2002); Amstadt v. U.S. Brass Corp., 919 S.W.2d 644, 649 (Tex.
1996).  Among other things, the DTPA prohibits Aany unconscionable
action or course of action,@ which it defines as Aan act or practice
which, to a consumer=s detriment, takes advantage of the lack
of knowledge, ability, experience, or capacity of the consumer to a grossly
unfair degree.@  Tex. Bus.
& Com. Code Ann. '' 17.45(5), 17.50(a)(3) (Vernon 2002).








To recover under the DTPA, the plaintiff must be a
consumer.  Vinson & Elkins v. Moran, 946 S.W.2d 381, 406 (Tex. App.CHouston [14th Dist.] 1997, writ dism=d by agr.).
Whether a party is a consumer is a question of law.  Burroughs v. APS Int=l, Ltd., 93 S.W.3d 155,
163 (Tex. App.CHouston [14th Dist.] 2002, pet.
denied).  To be a consumer, the plaintiff must have sought or acquired goods or
services by purchase or lease, and those goods or services must form the basis
of the complaint.  Id.  Consumer status depends on the plaintiff=s relationship to
the transaction, not the contractual relationship between the parties.  Flenniken
v. Longview Bank & Trust Co., 661 S.W.2d 705, 707 (Tex. 1983); Vinson
& Elkins, 946 S.W.2d at 407.  Therefore, a plaintiff need not show
contractual privity with the opposing party to assert consumer status under the
DTPA.  Amstadt, 919 S.W.2d at 649; Burroughs, 93 S.W.3d at 163. 
Instead, the plaintiff must show that the defendant=s deceptive
conduct occurred in connection with a consumer transaction.  Amstadt,
919 S.W.2d at 650; Hou-Tex, Inc. v. Landmark Graphics, 26 S.W.3d 103,
111 (Tex. App.CHouston [14th Dist.] 2000, no pet.).








In Twyman=s summary judgment motion, he argued,
among other things, that Ortiz was not a consumer of his services and that the
negotiations did not constitute a consumer transaction under the DTPA.  Ortiz
does not claim that he was a third-party consumer of Twyman=s legal services. 
Rather, Ortiz argues that because he was negotiating to repurchase his house,
the transaction was a consumer transaction.  However, the transaction at issue
was not the purchase of a house.  Ortiz lost his house in a foreclosure sale
and was trying to settle the forcible detainer action against him to avoid
surrendering possession.  Negotiations to settle litigation do not constitute
consumer transactions, even when the subject of the litigation involves a good
such as a house.  See Kincaid v. Cummins Engine Co., No. 05-04-01803-CV,
2005 WL 1744959, at *1 (Tex.
App.CDallas July 26, 2005, no pet. h.)
(mem. op.).  Otherwise, every lawsuit concerning a dispute over the purchase or
lease of a good or service would itself constitute a consumer transaction.  As
a matter of law, Ortiz is not a consumer and has not shown that any alleged
deceptive conduct by Twyman occurred in connection with a consumer
transaction.  Thus, the trial court did not err in granting summary judgment on
this claim.  Because summary judgment was proper on the underlying DTPA claim,
summary judgment was also proper as to Ortiz=s claim against
Twyman for conspiracy to violate the DTPA.  See Tilton, 925
S.W.2d at 681; Hunt, 68 S.W.3d at 133.  We overrule Ortiz=s fourth issue to the
extent that he asserts the trial court erred in granting summary judgment on
his DTPA and DTPA conspiracy claims against Twyman. 

Collins and Welsh did not move for summary judgment on the
ground that this was not a consumer transaction.  Though they labeled their
motion as to Ortiz=s DTPA claim against them a no-evidence
summary judgment motion, the actual grounds for the motion are unclear.  On
appeal, they argue that there is no evidence they engaged in an unconscionable
act or course of conduct because there is no evidence that they ever
represented there was a contract.  Ortiz argues on appeal that Collins and
Welsh=s summary judgment
motion does not comply with Rule 166a(i) of the Texas Rules of Civil Procedure
because it fails to identify which elements of Ortiz=s DTPA claim they
are challenging.[9] 
We agree.

A no-evidence motion for summary judgment Amust state the
elements as to which there is no evidence.@  Tex. R. Civ. P. 166a(i).  The comments
to the rule, which are Aintended to inform the construction and
application of the rule,@ state:  AThe motion must be
specific in challenging the evidentiary support for an element of a claim or
defense; paragraph (i) does not authorize conclusory motions or general
no-evidence challenges to an opponent=s case.@  Tex. R. Civ. P. 166a(i) cmt.  Thus, a
no-evidence summary judgment motion must explicitly assert that there is no
evidence of one or more specifically-identified elements of the opponent=s claim.  See
Community Initiatives, Inc. v. Chase Bank of Tex., 153 S.W.3d 270, 279B80 (Tex. App.CEl Paso 2004, no pet.); Johnson v.
Felts, 140 S.W.3d 702, 706 (Tex. App.CHouston [14th Dist.] 2004, pet.
denied).

Collins
and Welsh=s summary judgment motion contains the following paragraph regarding
Ortiz=s claim that they engaged in an
unconscionable act or course of conduct:








Plaintiff further offers no
evidence, and none appears in the record, to support a claim under the laundry
list of violations identified in the DTPA.  Section 17.50(a)(3) of the DTPA
provides that a consumer may recover actual damages for Aany unconscionable
action or course of action@ that is the producing cause of damages. 
Tex. Bus. & Com. Code ' 17.50(a)(3).  The DTPA defines an Aunconscionable
action or course of action@ as Aan act or
practice, which . . . takes advantage of the lack of knowledge, ability,
experience, or capacity of the consumer to a grossly unfair degree.@  Id. ' 17.45(5).  Unconscionability
under the DTPA is an objective standard for which scienter is irrelevant.  Ins.
Co. of N. Am. v. Morris, 981 S.W.2d 667, 677 (Tex. 1998).  To prove an
unconscionable action or course of action, a plaintiff must show that the
defendant took advantage of his lack of knowledge and Athat the resulting
unfairness was glaringly noticeable, flagrant, complete and unmitigated.@  Id.
(quoting Chastain v. Koonce, 700 S.W.2d 579, 583 (Tex. 1985)).         








A
violation of the Alaundry list@ contained in
section 17.46(b) of the DTPA is distinct from a claim for unconscionable
conduct under section 17.50(a)(3).  See Tex. Bus. & Com. Code Ann. '' 17.46(b),
17.50(a)(3) (Vernon 2002 & Supp. 2004B2005); Ins. Co.
of N. Am. v. Morris, 928 S.W.2d 133, 150 (Tex. App.CHouston [14th Dist.] 1996), rev=d in part on other
grounds, 981 S.W.2d 667 (Tex. 1998); see also Transp. Ins. Co. v. Faircloth,
898 S.W.2d 269, 274 (Tex. 1995).  Thus, the first sentence of this paragraph in
Collins and Welsh=s motion concerning a laundry list
violation has no bearing on the remainder of the paragraph, which concerns
Ortiz=s unconscionable
conduct claim.  The remaining sentences merely recite some requirements of an unconscionable
conduct claim but do not identify the specific elements for which Collins and
Welsh claim no evidence exists.  See Dentler v. Perry, No.
04-02-00034-CV, 2002 WL 31557302, at *5 (Tex. App.CSan Antonio Nov. 20, 2002, no pet.) (not designated for
publication) (holding motion that stated, APlaintiffs have no evidence of any of
the elements of the causes of action alleged against these Defendants@ to be Alegally insufficient as a matter of
law@); Teel v. Am. Title Co. of
Houston, No. 14-00-00375-CV, 2001 WL 1097862, at *2 (Tex. App.CHouston [14th Dist.] Sept. 20, 2001,
pet. denied) (not designated for publication) (finding that motion alleging
there was Ano evidence of . . . any element of fraud@ to be inadequate because it did not
identify any specific element); Weaver v. Highlands Ins. Co., 4 S.W.3d
826, 829 n.2 (Tex. App.CHouston [1st Dist.] 1999, no pet.) (concluding that
no-evidence motion was insufficient because Ait does not
specifically allege that [plaintiff] lacks evidence, nor does it challenge a
particular element of [plaintiff]=s claim@).  Because their
no-evidence summary judgment motion failed to explicitly assert that there is
no evidence of any specifically-identified element of Ortiz=s claim, we
sustain Ortiz=s third issue to the extent that he challenges summary
judgment on his DTPA claim against Collins and Welsh. 

Collins and Welsh have defended the trial court=s grant of summary
judgment on Ortiz=s DTPA conspiracy claims against them
solely on the basis that there is no viable underlying DTPA claim.  See Tilton,
925 S.W.2d at 681; Hunt, 68 S.W.3d at 133.  Because we reverse summary
judgment as to Ortiz=s DTPA claim against Collins and Welsh, we
also reverse the summary judgment as to the DTPA conspiracy claims against
them.  We sustain Ortiz=s third issue to the extent that he
challenges the summary judgment on his DTPA conspiracy claims against Collins
and Welsh.

E. 
Lis Pendens

In their first summary judgment motion, Collins and Welsh
note that Ortiz filed a notice of lis pendens against the property and complain
that it interfered with their ability to market and sell the property.  They
did not allege that the notice of lis pendens was itself invalid or request
that it be vacated.  However, in its July 22 order granting this motion, the
trial court ordered that the notice of lis pendens Ais hereby removed
as a cloud on the title of the real property.@  Ortiz asserts
that the trial court erred in granting this relief because it was not
requested.








To preserve a complaint for appellate review, a party must
first present the issue to the trial court.  Tex.
R. App. P. 33.1(a).  A motion for new trial and a motion to modify a
judgment are appropriate methods for preserving error regarding an alleged
defect in the final judgment.  Holland v. Hayden, 901 S.W.2d 763, 765
& n.5 (Tex. App.CHouston [14th Dist.] 1995, writ denied). 
The record does not reflect that Ortiz filed such a motion or otherwise brought
this alleged error to the attention of the trial court.  Thus, he has waived
this issue on appeal, and we overrule Ortiz=s first issue to
the extent that he argues the trial court erred in removing the notice of lis
pendens.

                                                IV.  Conclusion

We reverse summary judgment as to Ortiz=s DTPA and DTPA
conspiracy claims against Collins and Welsh and remand for proceedings
consistent with this opinion.  We affirm the remainder of the trial court=s judgment
contained in its summary judgment orders of July 22, 2003 and August 12, 2004
and its nonsuit order of October 21, 2004.

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

Judgment rendered
and Substituted Majority and Concurring Opinions filed July 6, 2006.

Panel consists of
Justices Yates and Anderson and Senior Justice Mirabal* (Mirabal, J.
concurring).

 

*Senior Justice
Margaret Garner Mirabal sitting by assignment.









[1]  Twyman, along with Collins and Welsh, also filed
motions to dismiss in this court, alleging lack of subject matter
jurisdiction.  As explained below, we deny the motions.





[2]  Ortiz also asserts that the August 12 orders are not
final because they do not dispose of the claims against the later-added fourth
defendant, who was nonsuited in the October 21 order.  Appellees respond that
claims against an unserved defendant do not affect the finality of a judgment. 
See M.O. Dental Lab v. Rape, 139 S.W.3d 671, 674 (Tex. 2004).  We need
not address this issue because we conclude the August 12 orders were not final
for other reasons.





[3]  Twyman also requested sanctions under Rule 13 of the
Texas Rules of Civil Procedure and an unspecified provision of the Texas Civil
Practices and Remedies Code.





[4]  Appellees assert that Ortiz abandoned some of his
claims by failing to include them in his First Amended Original Petition filed
on July 12, 2004.  However, the amended pleading specifically states, ABy this pleading, Plaintiff gives notice that he does
not waive and expressly reserves his right to pursue or re-assert either in
this court and/or on appeal those causes of actions [sic] previously dismissed
by the Court and not re-pled herein.@ 
Based on his clearly expressed intent, Ortiz did not abandon his previous
claims by filing his First Amended Original Petition.  See Sheerin v. Exxon
Corp., 923 S.W.2d 52, 55 (Tex. App.CHouston
[1st Dist.] 1995, no writ) (looking to pleader=s intent in determining whether new pleading supersedes prior
pleadings).





[5]  Ortiz asserts that Athe case law specifically states that the fact that the fraudulent
conduct may have occurred in the context of litigation does not shield one from
liability,@ citing Querner v. Rindfuss, 966 S.W.2d 661,
666 (Tex. App.CSan Antonio 1988, pet. denied) and Likover v.
Sunflower Terrace II, Ltd., 696 S.W.2d 468, 472 (Tex. App.CHouston [1st Dist.] 1985, no writ).  However, these
cases merely stand for the proposition that an attorney is not automatically
immune from suit for fraud by a non-client.  See Querner, 966
S.W.2d at 666; Likover, 696 S.W.2d at 472.  They in no way conflict with
McCamish and other cases concluding that for a third party to hold an
attorney liable for a misrepresentation, the plaintiff=s reliance on that representation must have been
reasonable.  See McCamish,
991 S.W.2d at 794; Chapman Children=s Trust, 32 S.W.3d at 443.





[6]  Because we dispose of Ortiz=s fraud and negligent misrepresentation claims as a
matter of law, we need not address Ortiz=s
argument regarding whether Collins and Welsh also made a proper no-evidence
summary judgment motion as to these claims.





[7]  Ortiz asserts that a fraudulent conduct claim does not
require reliance.  The case he cites, First State Bank of Miami v. Fatheree,
847 S.W.2d 391, 395B96 (Tex. App.CAmarillo
1993, writ denied), merely states that A[f]raud
consists of many forms and species@
and is therefore difficult to define.  It does not hold that some forms of
fraud may not require reliance, and we have found no authority that does.





[8]  Though apparently there has been confusion during
various parts of the litigation, Ortiz unequivocally states in his brief that
he has never asserted a breach of contract claim against Twyman.





[9]  Ortiz also raised this issue in the trial court in
argument contained in his response to Collins and Welsh=s motion for summary judgment.