NUMBER 13-06-481-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 



IRANIA TREVINO, Appellant,


v.
 


CREDIT COLLECTION SERVICES, Appellee.

 


On appeal from the 206th District Court 

of Hidalgo County, Texas.


 



MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Justice Vela




 Appellant, Irania Trevino, filed suit against appellee, Credit Collection Services
("CCS") and Allstate Insurance Company, seeking actual damages, statutory damages,
injunctive relief and attorney's fees for violations of the Texas Debt Collection
Practices Act, the Texas Finance Code and the Texas Insurance Code. Allstate and
CCS each filed motions for summary judgment which the trial court granted. Trevino
urges that the trial court's order is not final and that the summary judgment motion
was a misnomer for CCS's plea to the jurisdiction. Trevino did not appeal the
judgment rendered in favor of Allstate. We dismiss for lack of jurisdiction. 

Background

 Trevino filed suit against Allstate Insurance Company and CCS, this appellee,
urging that she was the subject of an unfair debt collection attempt arising from an
automobile accident with an Allstate insured. Allstate engaged CCS to assist with its
subrogation efforts. On July 21, 2003, CCS sent a formal collection notice to Trevino
informing her that Allstate paid $1,738.20 as a result of the accident and requesting
her insurance information or payment of that amount. CCS had no other contact with
Trevino. 

 Trevino, thereafter, filed suit based on this contact. She urged violations of the
Unfair Debt Collections Act, the Finance Code and the Texas Insurance Code. CCS
urged multiple affirmative defenses and sought attorney's fees based upon a claim that
Trevino's consumer based suit was brought in bad faith and for purposes of
harassment.

 CCS first filed a motion to abate and motion to dismiss for lack of jurisdiction
claiming that Trevino had no standing. The trial court denied these motions. CCS filed
a traditional summary judgment and a no-evidence motion for summary judgment
arguing that Trevino was not a consumer and the underlying debt was not a consumer
debt. The trial court granted summary judgment on both the no evidence and
traditional motions and ordered that all of Trevino's claims against CCS be dismissed,
stating that all relief not granted was denied. The court did not specifically rule on
CCS's counterclaim for attorney's fees.

Analysis

 On appeal, Trevino urges that the judgment is not final. We agree. The
judgment does not dispose of CCS's counterclaim for Attorney's fees. CCS urges that
the counterclaim for attorney's fees was, in fact, denied because the order contained
a "Mother Hubbard" clause which denied "all relief not requested." However, an order
or judgment is not final for appeal purposes unless it actually disposes of all claims and
all parties or unless it clearly and unequivocally states that it finally disposes of all
parties and all issues. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 205 (Tex. 2001). 
An order that adjudicates only the plaintiff's claims against the defendant does not
adjudicate a counterclaim, cross-claim, or third party claim. Id. Language that the
plaintiff take nothing by his claims in the case, or that the case is dismissed, shows
finality if there are no other claims by any other parties; but if the record reveals the
existence of parties or claims not mentioned in the order, the order is not final. Id. 
The Lehmann court specifically stated that a Mother Hubbard clause such as the one
suggested by appellee, gives no indication of finality because it is inherently
ambiguous. Id.

 In N.Y. Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 679 (Tex.1990),
the supreme court held that a summary judgment order that did not dispose of a
counterclaim for attorney's fees under the Texas Deceptive Trade Practices Act was
not final and appealable. A claim pursuant to section 17.50 of the Texas Business and
Commerce Code for attorney's fees is a counterclaim. Tex. Bus. & Comm. Code Ann.
§ 17.50 (Vernon Supp. 2006); Ortiz v. Collins, 203 S.W.3d 414, 420-21 (Tex.
App.-Houston [14th Dist.] 2006, no pet.); see Klein v. Dooley, 949 S.W.2d 307 (Tex.
1997). The language of section 17.50 tracks the language in section 392.403 of the
Finance Code which was pleaded by CCS. See Tex. Fin. Code Ann. § 392.403
(Vernon 2006). This court has stated that an affirmative claim, in an answer for
recovery of attorney's fees for the preparation and prosecution of a defense
constitutes a counterclaim. In re Frost Nat. Bank, 103 S.W.3d 647, 650 (Tex.
App.-Corpus Christi 2003, no pet.). Accordingly, CCS's claim for attorney's fees in
this case is an unadjudicated counterclaim. 

Conclusion

 The judgment is not final and appealable because it did not dispose of CCS'
counterclaim for attorney's fees. Therefore, we dismiss the appeal for lack of
jurisdiction. 

 

 ROSE VELA

 Justice


Memorandum Opinion delivered and 

filed this 9th day of August, 2007.