**CONDITIONALLY GRANT and Opinion Filed March 18, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-24-00064-CV

## IN RE RANGER ALTERNATIVE MANAGEMENT (GP), LLC, Relator

**Original Proceeding from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-14668**

## MEMORANDUM OPINION
Before Justices Reichek, Goldstein, and Kennedy
Opinion by Justice Reichek

In this mandamus proceeding, relator contends the trial court granted real parties' Motion for Scheduling Order and Trial Date, issued a scheduling order, and set the case for trial after its plenary power had expired. We agree. Accordingly, we conditionally grant relator's petition for writ of mandamus.

## BACKGROUND

Relator, Ranger Alternative Management (GP), LLC, is the plaintiff in the underlying proceeding. Ranger sued its former employee, Wesley McKnight, and his wife, Tracie McKnight, asserting breach of contract claims arising out of a settlement agreement to which the McKnights were both signatories, and a separate

breach of contract claim against Wesley based on his employment agreement. Ranger generally alleged that the McKnights breached the confidentiality provisions contained therein by failing to prevent the disclosure of confidential and privileged information in response to two sets of subpoenas. Ranger sought its reasonable attorneys' fees, expenses, and court costs based on the settlement agreement, which provided that a prevailing party "shall be entitled to recover its reasonable attorneys' fees, expenses, and court costs *incurred in enforcing its rights* under this Agreement" as well as Chapter 38 of the Texas Civil Practice and Remedies Code. (Emphasis added.) In their answer, the McKnights asserted a general denial and affirmative defenses, and in their prayer they requested "all costs and reasonable and necessary attorneys' fees *in defending this action*," and all other relief to which they may be justly entitled. (Emphasis added.)

On July 6, 2023, Ranger filed a notice of nonsuit, nonsuiting without prejudice all claims alleged in its petition against the McKnights. On July 12, 2023, the trial court signed an order granting Ranger's notice of nonsuit without prejudice. In the order, the trial court referred to the notice of nonsuit and then stated "[i]t is therefore ORDERED, ADJUDGED and DECREED that Plaintiff's Notice of Nonsuit as to Defendants is granted without prejudice." On August 10, 2023, the McKnights filed a motion to modify the judgment pursuant to Texas Rule of Civil Procedure 329b(g), noting that the trial court's docket sheet reflected that the case was closed, but their request for attorneys' fees was an affirmative claim for relief that remained pending.

They asserted that the nonsuit order was not a final judgment and asked the trial court to reform the judgment to reflect that the case remained pending. On August 18, 2023, the McKnights filed an "Original Counterclaim and Third-Party Complaint" which asserts a claim for attorneys' fees, alleging the attorneys' fees language in the settlement agreement entitles them to their fees "in connection with the enforcement of the Settlement Agreement."

Meanwhile, the trial court did not rule on the McKnights' motion to modify the judgment, which was overruled by operation of law on September 25, 2023. *See* TEX. R. CIV. P. 329b(c). On December 13, 2023, the McKnights filed a motion for scheduling order and trial date. Ranger filed a response, arguing the trial court's plenary power had expired. On January 11, 2024, the trial court granted the motion and subsequently issued a second amended scheduling order and set the case for trial.

Ranger sought mandamus review and a stay of the trial court proceedings. In this original proceeding, Ranger argues the order granting its nonsuit was a final judgment so by the time the trial court granted the McKnights' motion for scheduling order and trial date, issued its second amended scheduling order, and set the case for trial, the trial court lacked plenary power to do so. We stayed all proceedings in the trial court pending resolution of this original proceeding.

**APPLICABLE LAW**

–3–

Mandamus will issue if Ranger establishes a clear abuse of discretion for which there is no adequate remedy by appeal. *See In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion when it issues a void order, *In re Elavacity, LLC*, No. 05-18-00135-CV, 2018 WL 915031, at *1 (Tex. App.—Dallas Feb. 16, 2018, orig. proceeding) (mem. op.), and in such a case a party need not show that it lacks an adequate remedy by appeal. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam). Generally, judicial action taken after plenary power expires is void. *In re Saving Grace #2, LLC*, No. 05-23-00745-CV, 2023 WL 6783511, at *3 (Tex. App.—Dallas Oct. 13, 2023, orig. proceeding) (mem. op.); *see* TEX. R. CIV. P. 329b(f).

## DISCUSSION

The McKnights' timely–filed motion to modify the judgment was overruled by operation of law on September 25, 2023. *See* TEX. R. CIV. P. 329b(c). If the July 12, 2023 order granting Ranger's nonsuit was a final judgment, the trial court's plenary power expired on October 25, 2023,[1] and the trial court was without

---

[1] A trial court retains jurisdiction over a cause for thirty days after ordering a nonsuit. TEX. R. CIV. P. 329b(d). A motion to modify the judgment during the initial thirty-day period will extend the trial court's plenary power for a limited period of time, the amount of which depends on whether the court determines the motion or it is overruled by operation of law. TEX. R. CIV. P. 329b(c), (d), and (g). Such motion is overruled by operation of law if it is not determined by written order signed within seventy-five days after the judgment was signed. TEX. R. CIV. P. 329b(c). Plenary power extends until thirty days after all timely-filed post-trial motions are overruled, either by written and signed order or by operation of law, whichever occurs first. TEX. R. CIV. P. 329b(e). The trial court signed the order granting Ranger's nonsuit on July 12, 2023.

jurisdiction to grant the McKnights' motion for scheduling order and trial date, issue the second amended scheduling order, and set the case for trial. *See Saving Grace*, 2023 WL 6783511 at *3. As follows, we conclude the order granting nonsuit was a final judgment.

A judgment without a trial is final if it either "actually disposes of every pending claim and party" or "clearly and unequivocally states that it finally disposes of all claims and parties, even if it does not actually do so." *Patel v. Nations Renovations, LLC*, 661 S.W.3d 151, 154 (Tex. 2023) (per curiam) (citations omitted); *see also Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020) (per curiam) (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001)). Here, the trial court's July 12, 2023 nonsuit order does not contain any indicia of finality so we must look to the record to determine if the order disposed of the entire case. *See Patel*, 661 S.W.3d at 154. The only pleading the McKnights had on file at the time Ranger filed its notice of nonsuit was their original answer. They did not file a formal counterclaim in that pleading, and while they prayed for their attorneys' fees "in defending this action" they did not cite any legal basis for this request. While a dismissal pursuant to Rule 162 "shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief," TEX. R. CIV. P. 162, "[t]o

---

The McKnights filed a motion to modify the judgment within thirty days, and the motion was overruled by operation of law seventy-five days after the nonsuit order, on September 25, 2023. If the July 12 order was a final judgment, the trial court's plenary power expired thirty days later, on October 25, 2023.

qualify as a claim for affirmative relief, the defendant must allege a cause of action, independent of plaintiff's claims, on which he could recover compensation or relief even if the plaintiff abandons or fails to establish his cause of action." *Jackson v. Ali Zaher Enters., LLC*, No. 05-18-00288-CV, 2019 WL 698019, at *2 (Tex. App.—Dallas Feb. 20, 2019, no pet.) (mem. op.). While an affirmative claim, stated in an answer, for recovery of attorneys' fees for preparation and prosecution of a defense constitutes a claim for affirmative relief for the purpose of Rule 162, "[a] general prayer for relief will not support an award for attorney's fees because it is a request for affirmative relief that must be supported by the associated pleading or pleadings." *Id*. In *AIX Specialty Insurance Co.*, we held that "[a] request for attorney's fees qualifies as a request for affirmative relief when asserted with an independent claim for relief." *AIX Specialty Ins. Co. v. Shiwach*, No. 05-18-01050-CV, 2019 WL 6888515, at *8 (Tex. App.—Dallas Dec. 18, 2019, pet. denied) (mem. op.). In that case, the defendant alleged affirmative defenses in its answer and then included in its prayer for relief a request for its reasonable attorneys' fees "for responding to and defending the allegations raised against it." *Id*. We concluded that the defendant "asserted no counterclaims" and that the defendant's request for attorneys' fees and its affirmative defenses were dependent on the plaintiff's claims and thus did not assert any "claims for affirmative relief." *Id*. Here, too, the McKnights generally prayed for attorneys' fees "in defending this action" but did not cite any legal or contractual basis for their recovery of attorneys' fees. They also

did not allege any facts that we could construe as a counterclaim. Their answer did not assert any independent basis for recovery of their attorneys' fees.

As the McKnights point out, though, we must also look at whether the allegations in Ranger's petition provide the missing substance to cure the omissions in the McKnights' answer. *See Jackson*, 2019 WL 698019, at *2. We conclude they do not. The McKnights assert that their request for attorneys' fees is an affirmative claim because the settlement agreement provided that the prevailing party is entitled to recover its reasonable attorneys' fees. They contend that Ranger judicially admitted in its petition that the settlement agreement entitles a "prevailing party" in a contract dispute to their reasonable attorneys' fees. Thus, the McKnights argue, they were not required to plead a breach of contract or the details of the settlement agreement to prevail and recover their fees. We disagree.

First, this argument misconstrues Ranger's petition and the language of the settlement agreement. The settlement agreement described in Ranger's petition does not authorize a defendant to recover attorneys' fees if it prevails in defending against a contract dispute. Rather, Ranger alleged that "the parties agreed that a prevailing party 'shall be entitled to recover its reasonable attorneys' fees, expenses, and court costs incurred in ***enforcing its rights under this Agreement***.'" [Emphasis added]. Thus, the settlement agreement Ranger described authorizes an award of attorneys' fees only to a ***claimant*** who prevails in ***enforcing*** the settlement agreement—not to a ***defendant*** who prevails in ***defending*** against such a claim. In other words, the

settlement agreement alleged in Ranger's original petition is not a general "prevailing party" provision; instead, it authorizes a fee award only to a prevailing claimant. The McKnights do not suggest in their answer that they were entitled to attorneys' fees for enforcing the settlement agreement; on the contrary they alleged in their answer that they wanted their "costs and reasonable and necessary attorneys' fees *in defending this action*." [Emphasis added.] The McKnights do not explain how defending against Ranger's suit is tantamount to enforcing their rights under the settlement agreement.[2]

The McKnights cite several cases to support their position, but most are distinguishable on grounds that the claims before the trial court involved a statute that provided the defendant with an independent right to seek attorneys' fees even if the plaintiff dismissed its own claims.[3] But the McKnights do not assert any similar

---

[2] While the McKnights did allege in their answer the affirmative defense of prior material breach, they did so only to establish an excuse for their own alleged breach, and they did not plead any facts to support that defense. Regardless, they did not pray for fees to enforce their rights under the settlement agreement. That they knew how to do so is demonstrated by the counterclaim they filed in August 2023, after the nonsuit was granted, wherein they expressly prayed for fees "in connection with the 'enforcement' of the Settlement Agreement."

[3] E.g., *Kelsall v. Haisten*, 564 S.W.3d 157, 163–64 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (involving § 156.005 of the family code, which authorizes a trial court to assess attorneys' fees as costs when a party files a frivolous modification suit); *Bacon Tomsons, Ltd. v. Chrisjo Energy, Inc.*, No. 01-15-00305-CV, 2016 WL 4217254, at *10 (Tex. App.—Houston [1st Dist.] Aug. 9, 2016, no pet.) (mem. op.) (involving §134.001(b) of the Texas Civil Practice and Remedies Code, the Texas Theft Liability Act, which authorizes attorneys' fees to "[e]ach person who prevails" in a suit brought under that statute); *Dean Foods Co. v. Anderson*, 178 S.W.3d 449, 453 (Tex. App.—Amarillo 2005, pet. denied) (involving § 408.221(c) of the labor code, which makes an insurance carrier who seeks judicial review of a final decision of an appeals panel liable for reasonable and necessary attorneys' fees incurred by a claimant as a result of the appeal if the claimant prevails); *Reyes v. Fraga*, No. 14-21-00036-CV, 2022 WL 3973544, at *1 (Tex. App.—

independent right to recover their attorneys' fees. The McKnights also rely on *In re Frost National Bank*, 103 S.W.3d 647, 650 (Tex. App.—Corpus Christi–Edinburg 2003, orig. proceeding [mand. denied]), where the appellate court concluded that a general prayer for attorneys' fees in an answer constituted a counterclaim that survived an oral nonsuit. But the opinion does not explain the nature of the plaintiff's suit or if there was anything in the answer that would otherwise provide a factual or legal basis for the request for fees that was independent of the plaintiff's claims. There was also a motion for sanctions filed between the oral nonsuit and entry of the nonsuit order, and it is not clear from the opinion if this played a role in the court's decision. Thus, we do not find this opinion instructive. The McKnights also cite *ECC Parkway Joint Venture v. Baldwin*, 765 S.W.2d 504, 514 (Tex. App.—Dallas 1989, writ denied), in support of their position, where we stated generally, "[a] claim for attorney's fees is a claim for affirmative relief." But this Court was not addressing whether a general prayer for attorneys' fees is a pending claim for affirmative relief that survives a nonsuit under rule 162. Rather, we were determining whether a cross-

---

Houston [14th Dist.] Sept. 1, 2022, no pet.) (mem. op.) (involving request for attorneys' fees based on a suit being filed frivolously or for harassment); *Bailey v. Smith*, 581 S.W.3d 374, 386 (Tex. App.—Austin 2019, pet. denied) (involving request for fees under the Uniform Declaratory Judgments Act, Texas Civil Practice and Remedies Code § 37.009, which permits the trial court to award costs and fees "as are equitable and just"); *Nolte v. Flournoy*, 348 S.W.3d 262, 267–68 (Tex. App.—Texarkana 2011, pet. denied) (involving allegations that a claim was frivolous and filed for an improper purpose and a prayer for sanctions); *Falls Cnty. v. Perkins & Cullum*, 798 S.W.2d 868, 870–71 (Tex. App.—Fort Worth 1990, no writ) (involving a request for attorneys' fees in an answer to a petition asserting a claim under the Uniform Declaratory Judgments Act).

claim for declaratory judgment to recover attorneys' fees was barred by limitations. *Id*. at 513.

Accordingly, we conclude that the McKnights did not have a pending claim for affirmative relief when Ranger filed its notice of nonsuit. Thus, the nonsuit order disposed of the entire case and is a final judgment. As a result the trial court abused its discretion in January 2024 when it entered a scheduling order and set a trial date months after expiration of its plenary power.

## CONCLUSION

Ranger has shown the trial court abused its discretion by issuing void orders, and because these orders are void, Ranger is relieved of showing it lacks an adequate remedy by appeal. We therefore conditionally grant Ranger's petition for writ of mandamus and direct the trial court to vacate (1) its order granting the McKnights' Motion for Scheduling Order and Trial Date, and (2) the Second Amended Scheduling Order. The writ will issue only if the trial court fails to do so. !

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

240064F.P05

–10–