**THE CITY OF EL PASO, The El Paso Firemen & Policemen's Pension Fund, The Board of Trustees of the El Paso Firemen & Policemen's Pension Fund, Mike D. Pritchard, Darrel G. Petry, John D. Davis, III, Michael V. Calderazzo, Richard Wiles, Diana M. Kirk, Roberto Rivera, Robert E. Feidner, Al Perez, Tyler C. Grossman, Joe Wardy, Robert A. Cushing, Jr., Robert D. Tollen, Robert J. Stanton, and Raul Tarango, Appellants,**

v.

**Lilli M. HEINRICH, Appellee.**

No. 08–05–00203–CV.

Court of Appeals of Texas,
El Paso.

July 20, 2006.

Eric G. Calhoun, Travis & Calhoun, P.C., Dallas, Michele Little Locke, Elizondo, Hayes & Locke P.C., El Paso, for appellants.

Stewart W. Forbes, Forbes & Forbes, El Paso, for appellee.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

RICHARD BARAJAS, Chief Justice.

This is an accelerated appeal from a denial of a plea to the jurisdiction granted against Appellants, The City of El Paso, The El Paso Firemen & Policemen's Pension Fund, The Board of Trustees of the El Paso Firemen & Policemen's Pension Fund, Mike D. Pritchard, Darrel G. Petry, John D. Davis, III, Michael V. Calderazzo, Richard Wiles, Diana M. Kirk, Roberto Rivera, Robert E. Feidner, Al Perez, Tyler C. Grossman, Joe Wardy, Robert A. Cushing, Jr., Robert D. Tollen, Robert J. Stanton, and Raul Tarango. On appeal, Appellants raise two issues for appeal.[1] In Issue One, Appellants contend that the trial court erred in denying the plea to the jurisdiction based on the court's lack of subject-matter jurisdiction. In Issue Two, Appellants contend that the trial court erred by failing to hold that the individual Appellants have official immunity. For the reasons set forth in this opinion, we affirm the judgment of the trial court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Charles D. Heinrich was an El Paso Police Department officer from November 30, 1972 to August 29, 1985, when he passed away as a result of a job-related injury. He was survived by his wife, Appellee, Lilli M. Heinrich, and a then-minor son. The El Paso Firemen & Policemen's Pension Fund commenced payment of Mr. Heinrich's pension benefits for Mrs. Heinrich and her son in October 1985. The payment amount included payment for August and September of 1985. According to Appellants, pursuant to Section 20 of the Bylaws governing the Pension Fund, Mrs. Heinrich received two-thirds of Mr. Heinrich's earned pension, and her son, who

---

1. Appellants, The City of El Paso, Richard Wiles, Joe Wardy, and Robert A. Cushing, Jr. are represented by attorney Michele Little Locke. Appellants, The El Paso Firemen & Policemen's Pension Fund, The Board of Trustees of the El Paso Firemen & Policemen's Pension Fund, Mike D. Pritchard, Darrel G. Petry, John D. Davis, III, Michael V. Calderazzo, Diana M. Kirk, Roberto Rivera, Robert E. Feidner, Al Perez, Tyler C. Gross-

man, Robert D. Tollen, Robert J. Stanton, and Raul Tarango are represented on appeal by attorney Eric G. Calhoun. Ms. Locke and Mr. Calhoun have each submitted a brief on appeal; however, both briefs cover the same two issues stated above. For this reason, Appellants' issues will be grouped and discussed jointly in this opinion, referring only to each separate argument with regard to Issue Two as necessary.

was a qualified child under this section, received one-third of Mr. Heinrich's earned pension. The total payment equaled to 100 percent of Mr. Heinrich's pension. At the time the Board made the decision, Mrs. Heinrich contends that the benefits did not account for her son's share.

On August 14, 2002, Mrs. Heinrich received a letter from the Pension Fund requesting that she confirm her son meet the definition of a qualified child under Section 4 of the System Bylaws. The letter included text from Section 4 that read in relevant part,

> "Qualified Child or Children" means the surviving unmarried dependent child or children of a member who are (1) under the age of nineteen (19); or (2) if over the age of nineteen (19), and under age twenty three (23), then a full-time student at an accredited secondary university, technical or trade school approved by the Board or (3) regardless of age, deemed physically disabled and non-self supporting by the Board of Trustees or declared mentally incompetent by a court of competent jurisdiction for as long as such incompetence or disability exists. For purposes of this subsection "dependent" means a child who is less than fifty percent (50%) self-supporting. Notwithstanding these criteria, in no case shall "non-self-supporting" be construed to include persons over the age of nineteen (19) and disabled by excessive use of drugs or alcohol as determined by the Board of Trustees.

The letter further indicated that Mrs. Heinrich's son turned nineteen years old in January 1998 and twenty-three years old in January 2002. As is evidenced in a letter dated August 29, 2002 from Robert J. Stanton, the Pension Fund administrator at the time, to Mrs. Heinrich, they discussed the contents of the August 14 letter.

Thereafter, in its regular meeting held on September 18, 2002, the Pension Fund Board of Trustees voted to discontinue payment of benefits to Mrs. Heinrich's son. Mrs. Heinrich was informed of this decision in a letter dated October 29, 2002, which also informed her that the benefit payment amount would be adjusted to reflect the discontinuance of benefits for her son beginning with the October 2002 check. On November 6, 2002, Mrs. Heinrich informed Mr. Stanton in a letter that her son had never received funds from the Pension Fund. As she understood, the benefits she began receiving in November 1985 reflected 100 percent of Mr. Heinrich's pension benefits which she was solely entitled to receive, without any consideration of her son's entitlement.

On May 25, 2004, Mrs. Heinrich filed an Original Petition and Requests for Disclosure. She asserted that the Board of Trustees had breached the fiduciary duty owed to her, that the Board acted illegally, and that they had violated Article 6243b, Title 109 of the Texas Civil Statutes by reducing her pension benefits by 33 and 1/3 percent. Furthermore, Mrs. Heinrich asserted that she was entitled to reimbursement of the total pension benefits she would have received plus all cost of living allowances from the date of the illegal act to the date of trial. In response, Appellants filed an Original Plea to the Jurisdiction, Answer and Affirmative Defenses, followed by a First Amended Plea to the Jurisdiction, Answer and Affirmative Defenses. In their Amended Plea to the Jurisdiction, Appellants argued that the City of El Paso, the El Paso Firemen & Policemen's Pension Fund and its Board of Trustees are entitled to governmental immunity from suit and that in each case, such immunity had not been waived. The

named individuals were immune from liability as well.

Thereafter, the Appellants filed a Brief in Support of Defendants' First Amended Plea to the Jurisdiction, Answer and Affirmative Defenses on March 30, 2005. Appellee filed a First Amended Petition on April 19, 2005, followed by Reply to Defendants' Plea to the Jurisdiction and Response to Motion to Dismiss filed on April 21, 2005.

The trial court held a hearing on the plea to the jurisdiction on May 4, 2005. After the trial court heard the parties' arguments, Mrs. Heinrich's counsel stated the following:

> [T]he prayer in the petition is very, very general. We are asking both for special and general relief. I'm not sure exactly how you would join someone from doing an illegal act that was done in the past. That's the problem I had, and if the Court—I would like to have an opportunity to make a trial amendment to amend those portions of the prayer to enjoin the defendants from illegally acting as they did in the past and the future, and enjoin them from not paying them the amounts that they were allegedly supposed to pay as opposed to asking for money damages.
>
> In other words, I agree in principle from what is argued here, but disagree with the fact that they are not involved in committing an illegal act.

Thereafter, the trial court indicated to counsel that he had until Friday at noon to amend any pleadings. The next day, Mrs. Heinrich filed a Second Amended Petition. In it, Mrs. Heinrich stated the following:

> Plaintiff is entitled to a declaratory judgment declaring the acts of the defendants as illegal unlawful unconstitutional and enjoining the defendants from performing those act [sic] alleged and restore the status quo from date of the illegal act. Plaintiff is not seeking damages but rather equitable relief to right a wrong done to her.

Furthermore, in the prayer, Mrs. Heinrich stated the following:

> Plaintiff prays that the Defendants be cited to appear herein and that the court declare the acts of the defendants to be illegal, unlawful, unauthorized, ultra vires, and unconstitutional. That Plaintiff receive all equitable relief allowed by law, that defendants be enjoined from performing the illegal, unlawful, unauthorized, ultra vires, and unconstitutional acts as alleged. That Plaintiff have Judgment from Defendants within the jurisdiction of this court, with Pre–Judgment interest thereon if allowed by law, with Post–Judgment interest at the applicable rate of interest if allowed by law, for costs of court, reasonable attorney's fees, and for such other and further relief, general and special, in law and in equity, to which she is justly entitled.

The trial court denied Appellants' Plea to the Jurisdiction on May 6, 2005. This appeal follows.

## II. *DISCUSSION*

In two related issues, Appellants contend that the trial court erred in denying their plea to the jurisdiction because the trial court lacked subject-matter jurisdiction since the Appellants retain governmental immunity from Mrs. Heinrich's claims. Issue One specifically asserts that Appellants, as governmental entities, are immune from suit under the sovereign immunity doctrine, in particular because Mrs. Heinrich's claim is for money damages. In Issue Two, Appellants assert that the individuals named as defendants in this case also are immune to Mrs. Heinrich's claims pursuant to the doctrine of official immunity. The crux of Appellants'

arguments center on whether Mrs. Heinrich's claim is one for money damages or injunctive relief. The issues on appeal of whether the Appellants are protected from suit under the doctrine of governmental immunity and official immunity turn on whether Mrs. Heinrich is seeking monetary damages or declaratory relief.

## Standard of Review

 An appeal may be taken from an interlocutory order that grants or denies a plea to the jurisdiction filed by "a governmental unit." TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2005). We review a trial court's disposition of a plea to the jurisdiction under a *de novo* standard of review. *Hoff v. Nueces County*, 153 S.W.3d 45, 48 (Tex.2004). When reviewing a trial court's ruling on a plea to the jurisdiction, we consider the facts alleged by the plaintiffs and, to the extent relevant to the jurisdictional issues, any evidence submitted by the parties. *Texas Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex.2001).

 The El Paso Firemen & Policemen's Pension Fund and its Board of Trustees are statutorily created by Article 6243b of Vernon's Texas Civil Statutes and are generally immune from liability, except to the extent that the Legislature has specifically waived that immunity. TEX.REV. CIV. STAT. ANN. ART. 6243b (Vernon 2003); *see also Herschbach v. City of Corpus Christi*, 883 S.W.2d 720, 728–29 (Tex.App.-Corpus Christi 1994, writ denied) (holding Firemen's Relief and Retirement Fund Board is a state-created agency entitled to governmental immunity from suit). A municipality, such as the City of El Paso, is also immune from liability for its governmental functions unless that immunity is specifically waived. *City of El Paso v. Hernandez*, 16 S.W.3d 409, 414 (Tex.App.-El Paso 2000, pet. denied). A Texas municipal government is only immune for its governmental functions; it has no immunity for any proprietary functions. *Williams v. City of Midland*, 932 S.W.2d 679, 682 (Tex.App.-El Paso 1996, no writ).

 Sovereign immunity generally protects the State from lawsuits for damages absent legislative consent to sue the State.[2] *See Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 405 (Tex.1997). Such immunity generally serves to protect the State and governmental units from lawsuits for money damages. *IT–Davy*, 74 S.W.3d at 853; *General Servs. Comm'n v. Little–Tex Insulation Co., Inc.*, 39 S.W.3d 591, 594 (Tex.2001). It also protects the State and governmental units from lawsuits that seek to control their lawful actions by a final judgment made by a court of law. *Texas Mun. Power Agency v. Pub. Util. Comm'n*, 100 S.W.3d 510, 515 (Tex. App.-Austin 2003, pet. denied).

 A party can maintain a suit against a governmental unit to obtain an equitable remedy or to determine its legal rights without legislative permission. *Federal Sign*, 951 S.W.2d at 404. Private parties may seek declaratory relief against government officials who allegedly act

---

2. Under the doctrine of governmental immunity, a unit of government may not be sued without the express consent of the Legislature. *Thayer v. Houston Mun. Employees Pension Sys.*, 95 S.W.3d 573, 576 (Tex.App.-Houston [1st Dist.] 2002, no pet.); *Scott v. Prairie View A & M Univ.*, 7 S.W.3d 717, 719 (Tex. App.-Houston [1st Dist.] 1999, pet. denied). We defer to the Legislature to waive immunity from suit because the Legislature is better suited than the courts "to weigh the conflicting public policies associated with waiving immunity and exposing the government to increased liability, the burden of which the general public must ultimately bear." *Texas Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 854 (Tex.2002).

without legal or statutory authority. *IT–Davy*, 74 S.W.3d at 855. *See Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432 (Tex. 1994) (suit challenging state official's construction of compulsory school-attendance law). Such suits are not considered to be suits against the State because they seek to compel governmental officials to act within their official capacity and do not attempt to subject the governmental unit to liability. *IT–Davy*, 74 S.W.3d at 855.

In the absence of a waiver of governmental immunity, a court has no subject-matter jurisdiction to entertain a suit against a governmental unit. *Texas Dept. of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex.1999). When a trial court learns that it lacks jurisdiction to hear a cause, the court must dismiss the cause and refrain from rendering a judgment on the merits. *Freedman v. Univ. of Houston*, 110 S.W.3d 504, 507 (Tex.App.-Houston [1st Dist.] 2003, no pet.).

The Texas Supreme Court has consistently distinguished between suits in which only a declaration of rights against the State is sought and suits seeking money damages against the State. *Federal Sign*, 951 S.W.2d at 404; *W.D. Haden Co. v. Dodgen*, 158 Tex. 74, 308 S.W.2d 838, 841 (1958); *Cobb v. Harrington*, 144 Tex. 360, 190 S.W.2d 709, 712 (1945). The former are not considered suits against the State for damages and so no legislative consent is required. *Cobb*, 190 S.W.2d at 712. However, a suit which is brought ostensibly for the purpose of declaring rights, but actually seeks to impose liability on the State for damages, is a suit against the State barred by sovereign immunity. *IT–Davy*, 74 S.W.3d at 855–56; *see also Cobb*, 190 S.W.2d at 712; *Dodgen*, 308 S.W.2d at 841–42.

Certain declaratory judgment actions against state officials have been found not to implicate the sovereign immunity doctrine. *IT–Davy*, 74 S.W.3d at 855. Specifically, a party may bring a suit seeking declaratory relief against state officials who allegedly act without legal or statutory authority and such suit is not a "suit against the state" because it does not attempt to subject the State to liability. *Id.* Thus legislative consent is not required to maintain such suits. *Id.* However, where a party brings a suit for declaratory judgment but seeks monetary damages, sovereign immunity bars such a suit. *Id.* at 855–56. That is because such a suit attempts to control state action by imposing liability on the State. *Id.*

In Mrs. Heinrich's Second Amended Petition, the jurisdictional allegation read in relevant part,

In addition, this Court has subject-matter jurisdiction over this matter because this is a suit for equitable relief to correct illegal, unlawful, unauthorized, ultra vires, and unconstitutional acts of the defendants. Sovereign immunity does not bar a suit alleging performance of an ultra vires act, that is, an illegal or unauthorized act by a state official or agency. *Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401 (Tex.1997). A suit for equitable relief against a governmental entity for violation of a provision of the Texas Bill of Rights is excepted from the doctrine of sovereign immunity by Texas Constitution article 1, section 29. *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 148–49 (Tex.1995). This is also a suit for declaratory relief under the Declaratory Judgment Act.

As is evidenced in the language of Mrs. Heinrich's pleading, her suit is an attempt to have the trial court determine her legal rights to the pension benefits and further, she seeks equitable relief. *See Federal Sign*, 951 S.W.2d at 405.

Mrs. Heinrich would have this Court find that she is not seeking monetary damages. In her brief, she asserts that her second amended pleading is only requesting that the trial court declare the act of Appellants as illegal, unlawful, unauthorized, and unconstitutional. Appellee further asserts that her claim is for declaratory relief in which she seeks the enforcement of the statute and that furthermore, she is not requesting monetary damages, but rather "that she be restored the benefits she had been unlawfully denied and that she would be entitled to 100% of all benefits payable in the future." She also states that she "does not sue for monetary damages but rather that the Appellee's benefits be reinstated to what they were prior to the Board's unlawful conduct."

Appellants on the other hand argue that Mrs. Heinrich is seeking monetary relief. Appellants assert that Mrs. Heinrich, by continually amending her Original Petition, is trying to evade Appellants' immunity from suit. Appellants point out that the Texas Supreme Court prohibits plaintiffs from evading sovereign immunity by disguising their monetary claims as claims for declaratory relief. Appellants assert that Mrs. Heinrich is doing precisely that and that her request for an injunction is really a result of a monetary award.

A request for declaratory relief cannot change the basic character of a suit. *State v. Morales*, 869 S.W.2d 941, 947 (Tex.1994); *Continental Cas. Co. v. Rivera*, 124 S.W.3d 705, 712–13 (Tex.App.-Austin 2003, pet. denied). Moreover, "private parties cannot circumvent the State's sovereign immunity from suit by characterizing a suit for money damages . . . as a declaratory-judgment claim." *IT–Davy*, 74 S.W.3d at 856. After a careful reading of the record, we find that Mrs. Heinrich's claim is not a disguised monetary damage as Appellants argue. Rather, the underlying nature of the suit is to determine whether Mrs. Heinrich is entitled to receive benefits which vested upon the death of her husband. If Mrs. Heinrich is correct on the merits of her suit, she would be entitled to reimbursement of past pension benefits and for future pension benefits to be instated; this award would reflect Mrs. Heinrich's entitlement to the vested benefits and not merely a money damage against the Appellants. Given the nature of the source of the funds, the classification of a money damage falls squarely with the declaratory and injunctive relief Mrs. Heinrich seeks, a declaration of her rights to the pension benefits. We find Mrs. Heinrich is not seeking monetary damages, and therefore her suit is not barred by governmental immunity. Issue One is overruled.

Furthermore, the individuals named in this suit do not have official immunity. As Mrs. Heinrich's pleadings reveal, the allegations against the individuals named are for alleged "illegal, unlawful, unauthorized, ultra vires, and unconstitutional acts . . . ." Mrs. Heinrich alleges that these individuals acted outside the scope of their authority when they arbitrarily and without the consent of the voting membership, reduced her pension benefits. It is well settled law that a private party may seek declaratory relief against state officials who allegedly act without legal or statutory authority. *See, e.g., Leeper*, 893 S.W.2d at 432 (suit challenging state officials' construction of compulsory school-attendance law); *Dodgen*, 308 S.W.2d at 840 (suit against state official for wrongfully imposing a statutory tax burden). Such suits are not considered suits against the State because they do not attempt to subject the State to liability and therefore do not implicate the doctrine of governmental immunity. *See IT–Davy*, 74 S.W.3d at 855; *see also Cobb*, 190 S.W.2d

at 712. Accordingly, Issue Two is overruled in its entirety.

Having overruled each of Appellants' issues on review, we affirm the judgment of the trial court.