Arthur Lee POWELL, Jr., Appellant,

v.

### TEXAS DEPARTMENT OF CRIMINAL JUSTICE, et al., Appellees.

No. 13–06–192–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

Feb. 7, 2008.

Rehearing Overruled March 27, 2008.

---

Arthur Powell, Beeville, pro se.

Demetri Anastasiadis, Asst. Atty. General, Austin, for appellee.

Before Chief Justice VALDEZ and Justices BENAVIDES and VELA.

## OPINION

Opinion by Justice BENAVIDES.

This appeal arises from the dismissal of appellant Arthur Powell's suit against the Texas Department of Criminal Justice ("TDCJ") and two of its police officers, Miguel Martinez and Gilbert Herrera. We must decide whether the trial court erred by (1) granting Martinez's special exceptions and dismissing Powell's claim; (2) granting TDCJ's plea to the jurisdiction based upon sovereign immunity although the agency sought attorneys' fees; or (3)

granting TDCJ's plea to the jurisdiction based upon sovereign immunity although Powell sought only declaratory relief. We reverse and remand.

## I. FACTUAL BACKGROUND

Arthur Lee Powell, Jr. is an inmate at the TDCJ McConnell Unit in Beeville, Texas. According to Powell's petition, on October 27, 2004, Powell was told by Officer Miguel Martinez to walk along the right side of a yellow line in an orderly manner. Powell believes he obeyed this command. Powell alleges that thirty minutes later, he was approached in his living area and placed in handcuffs by another officer named L. Hagar. Hagar informed Powell that Martinez ordered the restraints imposed for Powell's failure to walk on the right side of the yellow line. Powell was later charged with "Creating a Disturbance," an institutional disciplinary infraction. Powell believed that Martinez created this charge in retaliation for complaints made by Powell's family members, at Powell's request, regarding Powell's mistreatment at the facility by TDCJ officials, including Martinez.

Powell received a disciplinary hearing on the matter. At the hearing, Powell maintained that he had done nothing to warrant discipline. He alleged that Martinez had become irritated by phone calls that Powell's family members had been making to complain about Powell's treatment at the facility, and thus in retaliation for the perceived nuisance, Martinez charged Powell with an offense that Powell did not actually commit. According to Powell's petition, Powell requested to call several witnesses on his behalf. However, Powell was not allowed to call Hagar as a witness. The disciplinary hearing officer found that a preponderance of evidence substantiated the disciplinary charge against Powell.

Powell then appealed this decision within TDCJ pursuant to TDCJ's procedural rules by filing a step one and step two grievance. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 14.001–.014 (Vernon 2002). He argued that the hearing officer's refusal to allow Powell to call witnesses was a procedural error that denied him due process. The TDCJ, however, found that Powell's appeal lacked merit.

When Powell failed to prevail through the grievance process, he filed suit in Bee County district court against TDCJ, Martinez, and Officer Gilbert Herrera, who is in charge of disciplinary matters at the TDCJ McConnell Unit. No facts were alleged against Herrera. With regard to Martinez, the petition complained that Martinez charged Powell with a disciplinary infraction in retaliation for his and his family's complaints about his treatment at the facility, in violation of Powell's rights under the First and Fourteenth Amendments to the United States Constitution. U.S. CONST. amends. I, XIV. Powell sought a declaratory judgment that his rights had been violated. He also requested compensatory damages.

With regard to TDCJ, Powell alleged that the administrative decision upholding the finding of guilt in the disciplinary proceedings was not based on sufficient evidence. Additionally, Powell argued that he was not allowed to present Hagar as a witness during the disciplinary hearing, in violation of his Due Process right under the Fourteenth Amendment. Powell did not specify what particular type of relief he sought with regard to this violation.

Martinez, Herrera, and TDCJ filed an answer generally denying the allegations in the petition. In addition, the defendants sought attorneys' fees and costs incurred in defending the suit.

The two police officers then filed special exceptions, and TDCJ filed a plea to the jurisdiction. Martinez and Herrera excepted to the petition's allegation that

Powell was denied the right to present witnesses at the hearing, arguing that the petition never alleged that Martinez or Herrera played any part in the decision to disallow witnesses. Herrera further excepted that the petition did not allege any acts or omissions by Herrera that would subject him to liability. Finally, Martinez excepted to the petition's allegation of a First Amendment violation as conclusory, which Martinez asserted was insufficient to overcome his official immunity. TDCJ responded by filing a plea to the jurisdiction based on sovereign immunity. TDCJ alleged that Powell's petition did not set forth facts or law supporting a waiver of sovereign immunity.

On February 13, 2006, the trial court held a hearing to address the special exceptions. Powell was permitted to participate in the hearing by telephone. During the hearing, Martinez's counsel argued that Powell's claim lacked sufficient specificity to overcome a police officer's qualified immunity from civil rights suits. At the close of the hearing, the court allowed Powell two weeks to amend his petition in order to respond to Martinez's special exceptions and to file a written response to the exceptions and plea to the jurisdiction, and it dismissed the suit against Herrera in its entirety.[1]

Nine days later, on February 22, Powell filed a "Written Response and Objections to the Defendant's Special Exceptions and Plea to the Jurisdiction," stating that he had already pleaded "facts sufficient to show that Defendant Martinez's conduct violated the Plaintiff's constitutional rights" and insisting that official immunity "is an affirmative defense that must be plead[ed] and proved." Additionally, he

argued that because TDCJ sought attorneys' fees and costs, it waived its sovereign immunity. Furthermore, Powell argued that his suit sought review of the TDCJ's administrative decision upholding his disciplinary infraction, which did not implicate sovereign immunity.

On March 20, the district court dismissed Powell's suit against both Martinez and the TDCJ. Powell now appeals.

## II. ANALYSIS

On appeal, Powell argues that the trial court erred in three respects: (1) granting Officer Martinez's special exceptions and dismissing Powell's suit; (2) granting TDCJ's plea to the jurisdiction based upon sovereign immunity because TDCJ waived immunity by filing a counterclaim for affirmative relief; and (3) granting TDCJ's plea to the jurisdiction based upon sovereign immunity although Powell sought merely declaratory relief.

### A. MARTINEZ'S SPECIAL EXCEPTIONS

In his first issue, Powell argues that the trial court erred in granting Martinez's special exceptions and dismissing Powell's suit. We agree.

"The purpose of a special exception is to compel clarification of pleadings when the pleadings are not clear or sufficiently specific or fail to plead a cause of action." *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex.2007); *Villarreal v. Martinez*, 834 S.W.2d 450, 451 (Tex.App.—Corpus Christi 1992, no writ). Pleadings in Texas "must consist of a statement in plain and concise language of the plaintiff's cause of action." TEX.R. CIV. P. 45(b). Courts follow a "fair notice" standard for pleadings, which means that in order for

---

1. Powell has since admitted that he only included Herrera in the suit because he mistakenly believed that the TDCJ agent for service of process (which was Herrera) was also required to be included as a party. Powell has

not argued the trial court's dismissal of Herrera was error. Thus, the dismissal of Herrera is not preserved for review, and we need not address it in this opinion. TEX.R.APP. P. 33.1, 47.1.

the pleadings to be considered sufficient the opposing party must be able to ascertain the nature and basic issues of the controversy from reading the pleading. *Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 896 (Tex.2000). A petition is sufficient if it gives "fair and adequate notice of the facts upon which the pleader bases his claim," thereby giving the opposing party "information sufficient to enable him to prepare a defense." *Id.* at 897 (quoting *Roark v. Allen,* 633 S.W.2d 804, 810 (Tex.1982)).

▪ Deficient pleadings may be challenged by filing special exceptions which "point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations." TEX.R. CIV. P. 91; *see also Castano v. San Felipe Agric., Mfg., & Irrigation Co.,* 147 S.W.3d 444, 453 (Tex. App.—San Antonio 2004, no pet.). Pleadings are to be upheld when "the technical elements of a cause of action, without allegations of ultimate facts to be proved," are alleged. *Rodriguez v. Yenawine,* 556 S.W.2d 410, 415 (Tex.Civ.App.—Austin 1977, no writ). To force a party to plead his entire case with exactness "is not concordant with the spirit of the rules governing pleadings." *Estate of Menifee v. Barrett,* 795 S.W.2d 810, 812 (Tex.App.—Texarkana 1990, no pet.).

▪ When special exceptions addressed to the pleadings are sustained by the trial court, the party may amend his or her pleadings to meet the exceptions or may refuse to amend and test the validity of the trial court's dismissal of the suit on appeal. *Cox v. Galena Park Indep. Sch. Dist.,* 895 S.W.2d 745, 749 (Tex.App.—Corpus Christi 1994, no writ); *Spillman v. Simkins,* 757 S.W.2d 166, 167–68 (Tex. App.—San Antonio 1988, no writ). If the

party chooses to stand on the pleadings and appeal the dismissal, then the appellate court must evaluate two distinct rulings: (1) whether the trial court erred in sustaining the defendant's special exceptions to the pleadings, and (2) whether the trial court erred in dismissing the suit. *Cole v. Hall,* 864 S.W.2d 563, 566 (Tex. App.—Dallas 1993, writ dism'd w.o.j.). A trial court's ruling on special exceptions is reviewed for abuse of discretion. *Baylor Univ.,* 221 S.W.3d at 635; *Ross v. Goldstein,* 203 S.W.3d 508, 512 (Tex.App.—Houston [14th Dist.] 2006, no pet.); *Mulvey v. Mobil Producing Tex. & N.M., Inc.,* 147 S.W.3d 594, 603 (Tex.App.—Corpus Christi 2004, pet. denied). The test for abuse of discretion is whether the trial court acted without reference to guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985).

▪ Here, Martinez asserted that the accusation that he had "retaliated against [Powell] for having [Powell's] family members call the facility by charging [Powell] with a disciplinary infraction" was not pleaded with adequate supporting facts. The trial court agreed with Martinez, and it allowed Powell two weeks to amend his petition to address Martinez's exception. Although Powell filed a response, it appears his intent was to stand on the original pleadings. Rather than arguing new facts, the updated document merely reads, "Plaintiff has plead[ed] specific facts sufficient to show that Defendant Martinez's conduct violated the Plaintiff's constitutional rights." Furthermore, Powell rejected the idea that he needed to provide greater specificity, and instead he asserted that the burden was upon Martinez to plead and prove his affirmative defense. We agree with Powell.[2]

---

**2.** Martinez also challenged Powell's allegation that he was not allowed to present Hagar as a witness. The trial court sustained Martinez's

special exceptions without providing a reason. Powell has not challenged the trial

First, it was not necessary for Powell's petition to be presented in great evidentiary detail. *See* Tex.R. Civ. P. 45(b). The trial court merely needed to determine whether the petition failed to state a claim providing fair notice to the opponent regarding the nature and basic issues of the controversy. *Id.* An attorney of reasonable competence can read Powell's petition and easily ascertain that Powell's claim against Martinez was for a deprivation of his First Amendment rights. *See Yenawine,* 556 S.W.2d at 414 (stating that the test of whether pleadings state a claim is to determine whether an "attorney of reasonable competence" can ascertain the nature and basic issues of the controversy). The merit of Powell's allegations—if any— is not a matter to be assessed at the pleadings stage; it must be developed through the trial process. *Id.* at 415.

■ Second, Martinez's only complaint below was that Powell's petition was too "conclusory" to overcome Martinez's official immunity. This contention is wrong in two respects. Officers are entitled to official immunity arising out of their performance of (1) discretionary duties (2) in good faith (3) and within the scope of their authority. *City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex. 1994); *Perry v. Texas A & I Univ.,* 737 S.W.2d 106, 110 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.). Official immunity, however, is an affirmative defense, and the burden is on the officer to plead and prove all three elements of this affirmative defense. *Chambers,* 883 S.W.2d at 653. Official immunity is not an issue that can or should be decided upon a special exception. *Salcedo v. Diaz,* 647 S.W.2d 51, 54 (Tex.App.—El Paso 1983) (severing claims against Dr. Diaz, reversing trial court's granting of special exception based

court's ruling on Martinez's special exception in this regard. Therefore, we affirm the trial court's dismissal of Powell's claim against

on official immunity), *writ ref'd n.r.e.,* 650 S.W.2d 67 (Tex.1983). In fact, the case cited by Martinez for the proposition that Powell was somehow required to plead around Martinez's official immunity was a summary judgment case, which we believe is the appropriate procedural vehicle for raising an official immunity affirmative defense. *See Padilla v. Mason,* 169 S.W.3d 493, 503 (Tex.App.—El Paso 2005, pet. denied). Thus, Martinez's argument that Powell had to "plead around" his official immunity is rejected.

■ Additionally, Powell asserted a claim for compensatory damages and a claim for declaratory relief. A claim for declaratory relief, however, is not subject to the defense of official immunity because it does not attempt to subject the officer to liability. *See Morse v. Frederick,* —— U.S. ——, —— n. 1, 127 S.Ct. 2618, 2624 n. 1, 168 L.Ed.2d 290 (2007) (qualified immunity shields public officials from money damages, not injunctive or declaratory relief); *City of El Paso v. Heinrich,* 198 S.W.3d 400, 407 (Tex.App.—El Paso 2006, pet. granted) (official immunity does not apply to action for declaration that official acted in violation of constitutional rights); *see Tex. Nat. Resource Conservation Comm'n v. IT-Davy,* 74 S.W.3d 849, 855 (Tex.2002). Thus, Martinez's argument also fails for this reason.

Powell's pleadings against Martinez for violating his First Amendment rights, we believe, met the minimum standards of sufficiency under rule 45 of the rules of civil procedure. Tex.R. Civ. P. 45. It was an error and an abuse of discretion for the trial court to dismiss the claim on a special exception. *Cole,* 864 S.W.2d at 566. Whether Powell has a meritorious claim is

Martinez relating to the failure to allow testimony at the hearing.

a question for another day. Powell's first issue, therefore, is sustained.

## B. DEFENDANT'S REQUEST FOR AFFIRMATIVE RELIEF

In his second and third issues, Powell argues that the trial court erred in granting TDCJ's plea to the jurisdiction. First, Powell argues that sovereign immunity was not implicated because he sought declaratory relief against the TDCJ. Second, Powell argues that TDCJ is subject to the jurisdiction of the district court because the agency's request for attorneys' fees constitutes a claim for affirmative relief that waives the sovereign immunity to which a state agency may otherwise be entitled. On both issues, we agree with Powell.

Sovereign immunity protects the state of Texas, its agencies, and its officials from lawsuits for damages. *Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 405 (Tex.1997), *superseded by statute on other grounds as stated in Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 593 (Tex.2001). In the absence of consent to suit by the state or the particular state agency, a trial court lacks subject-matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000); *Texas Dep't. of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex.1999).

Ordinarily, if sovereign immunity is implicated, an inmate may not bring a review of his TDCJ institutional disciplinary hearing before state district courts unless sovereign immunity is waived. *State Dep't of Crim. Justice v. Miller*, 51 S.W.3d 583, 587 (Tex.2001). Instead, the inmate must pursue his case through a TDCJ grievance system provided for by statute. TEX. CIV. PRAC. & REM.CODE ANN. §§ 14.001–14.014 (Vernon 2002); *Bohannan v. Tex. Bd. of Cr. Justice*, 942 S.W.2d 113, 117 (Tex.App.—Austin 1997, writ denied); *see also Pena v. McDowell*, No. 12-

05-00116-CV, 2007 WL 949614, at *2, 2007 Tex.App. LEXIS 2559, at *4 (Tex.App.—Tyler March 30, 2007, no pet.) (stating that "[c]hapter 14 was designed to control the flood of frivolous lawsuits being filed in the courts of this state by prison inmates, consuming valuable judicial resources with little offsetting benefit."). An inmate may only avoid this strict procedural requirement by demonstrating that the state agency waived the sovereign immunity to which it is otherwise entitled. *Miller*, 51 S.W.3d at 587.

Under the facts of the instant case, we believe TDCJ cannot claim sovereign immunity because the type of relief which Powell appears to have requested—declaratory relief—does not implicate sovereign immunity. Moreover, to the extent that sovereign immunity may be implicated, it was waived by TDCJ's request for affirmative relief in the form of attorneys' fees.

### 1. Powell's Request for Declaratory Relief Does Not Implicate Sovereign Immunity

As we have stated before, "[c]ertain actions against state officials have been found not to implicate the sovereign immunity doctrine, and for such actions, no consent is required." *Nueces County v. Ferguson*, 97 S.W.3d 205, 217 (Tex.App.—Corpus Christi 2002, no pet.). For example, a declaratory judgment action or a suit alleging unconstitutional acts is an action to settle "uncertainty and insecurity with respects to rights, status, and other legal relations," as anticipated by the Declaratory Judgment Act. *Id.* at 217–18. Suits that merely seek to compel officials to act as required by law do not attempt to subject the state to liability, and they do not implicate sovereign immunity. *Id.* at 218.

In the instant case, TDCJ argues that Powell did not assert a declaratory judgment claim against it. We agree that in Powell's petition, it is not entirely clear

whether he sought declaratory relief from TDCJ as well as Martinez. TDCJ, however, did not specially except to Powell's petition, and therefore it is presumed to have understood the claim against it. *See* Tex.R. Civ. P. 90; Tex.R.App. P. 33.1.[3] Thus, to the extent Powell seeks declaratory relief, TDCJ would not be entitled to sovereign immunity under the above authorities. *Ferguson*, 97 S.W.3d at 217–18.

### 2. TDCJ's Request for Affirmative Relief Waives Sovereign Immunity

When sovereign immunity is implicated, however, and a governmental entity seeks affirmative relief, it waives immunity from suit for any claim that is "germane to, connected with, and properly defensive to the [governmental entity]'s claims, to the extent [the private entity]'s claims offset those asserted by the [governmental entity]." *Sweeny Cmty. Hosp. v. Mendez*, 226 S.W.3d 584, 589 (Tex.App.—Houston [1st Dist.] 2007, no pet. h.). This includes a state agency's counterclaim for attorneys' fees for the preparation and prosecution of a defense because attorneys' fees are ordinarily considered a claim for affirmative relief. *In re Frost Nat'l Bank*, 103 S.W.3d 647, 650 (Tex.App.—Corpus Christi 2003, no pet.); *see also In re C.A.S.*, 128 S.W.3d 681, 686 (Tex.App.—Dallas 2003, no pet.) (stating that claims in an amended answer seeking reimbursement of insurance premiums and recovery of attorneys' fees qualify as claims for affirmative relief requiring payment of a filing fee for counterclaims); *Rosenthal v. Ottis*, 865 S.W.2d 525, 527 (Tex.App.—Corpus Christi 1993, orig. proceeding); *Falls County v. Perkins & Cullum*, 798 S.W.2d 868, 871 (Tex.App.—Fort Worth 1990, no writ); *ECC Parkway Joint Venture v. Baldwin*, 765 S.W.2d 504, 514 (Tex.App.—Dallas 1989, writ denied) (stating that a claim for attorneys' fees is a claim for affirmative relief); *J.C. Hadsell & Co. v. Allstate Ins. Co.*, 516 S.W.2d 211, 214 (Tex. App.—Texarkana 1974, dismissed w.o.j.).

The dissent argues that our finding on this issue is inconsistent with the Supreme Court's decision in *Reata Const. Corp. v. City of Dallas*. *See* Dissenting Opinion (citing 197 S.W.3d 371, 377 (Tex.2006)). While we agree that *Reata* allows the State (and by extension, its political subdivisions and agencies) to claim sovereign immunity in certain limited cases in which the state seeks affirmative relief, we find no indication in *Reata* that the State's pursuit of attorneys' fees is such a case. *Reata* merely recognized that exceptions to the waiver of sovereign immunity are possible, and it specifically recognized cases in which the governmental entity intervenes in litigation by asserting "affirmative claims for monetary relief." *Reata*, 197 S.W.3d at 376. Beyond that limited holding, *Reata* did not provide guidance on the question of what other actions by state agencies would (and would not) preserve sovereign immunity.[4]

---

3. The dissent cites *Crabtree v. Ray Richey & Co.*, 682 S.W.2d 727, 728 (Tex.App.—Fort Worth 1985, no writ) to argue that a "defendant should not be required to file special exceptions suggesting to a plaintiff possible causes of action." *See* Dissenting Opinion. *Crabtree*, however, is inapposite. *Crabtree* merely states that "where a plaintiff pleads none of the elements of a viable cause of action ... the defendant is not obligated to file special exceptions." Powell did not make the mistake of the plaintiff in *Crabtree*-he did not fail to plead any of the elements of a cause of action against TDCJ. Indeed, Powell pleaded the elements so well that TDCJ apparently believed he was suing it and seeking declaratory relief. *That is* presumably why TDCJ responded to his petition with a plea to the jurisdiction based upon sovereign immunity, rather than responding with special exceptions seeking clarification.

4. The dissent notes that in *Bexar Metro. Water Dist. v. Educ. & Econ. Dev. Joint Venture*, 220 S.W.3d 25, 32 (Tex.App.—San Antonio 2006, pet. filed), the court of appeals found that "a general pleading for costs is not the type of

Thus, when we assess the facts in the instant case, we must be guided by the substantial body of case law which unambiguously holds that claims for attorneys' fees are claims for affirmative relief. *See Frost*, 103 S.W.3d at 650.

We emphasize again that we do not believe sovereign immunity is implicated in this case. *See supra* Part II(B)(1). However, if sovereign immunity were implicated, TDCJ's request for attorneys' fees is a counterclaim for relief, and therefore, TDCJ has waived immunity. *Frost*, 103 S.W.3d at 650. Thus, the trial court abused its discretion when it granted TDCJ's plea to the jurisdiction when the agency had already waived that right by seeking affirmative relief. *Id.*

## III. CONCLUSION

The district court abused its discretion in granting Martinez's special exceptions and TDCJ's plea to the jurisdiction. The judgment of the district court is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.

Dissenting Opinion by Justice ROSE VELA.

Dissenting Opinion by Justice VELA.

I write separately to dissent from that portion of the majority's opinion holding that sovereign immunity was either waived or not implicated as to TDCJ. The majority holds that TDCJ's answer stating that the "suit is frivolous and without merit and that as such, they are entitled to recover from Plaintiff the amount of any attorneys fees and costs incurred in defending this suit" waived immunity. As support for its

holding, the majority cites several cases setting forth a general rule that counterclaims for attorneys' fees are claims for affirmative relief.

I believe the majority's holding is inconsistent with the Texas Supreme Court's decision in *Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371, 377 (Tex.2006), in which the court recognized a limited waiver of immunity arising from a governmental agency's participation in litigation. In *Reata*, the governmental entity joined in the litigation, asserting a claim for monetary relief. *Id.* at 376. The trial court, in *Reata*, acquired jurisdiction over claims against the city which were connected to, germane to or properly defensive to the matters on which the city based its affirmative claim for damages. *Id.* at 377. Clearly, in this case, TDCJ's pleading is merely one of avoidance—it is strictly defensive in nature. TDCJ sought to be dismissed from the action based on immunity and claimed Powell's pleadings were frivolous.

The scenario here is more akin to our sister courts' opinions in *DeMino v. Sheridan*, 176 S.W.3d 359 (Tex.App.—Houston [1st Dist.] 2004, no pet.), *(disagreed with on other grounds, Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835 (Tex.2007)); *Bexar Metropolitan Water Dist. v. Education & Economic Development Joint Venture*, 220 S.W.3d 25, 32 (Tex.App.—San Antonio 2006, pet. filed); *see also Harris County Toll Rd. Auth. v. Sw. Bell Telephone L.P.*, No. 01–05–00668–CV, 2006 WL 2641204 (Tex.App.—Houston [1st Dist.] September 14, 2006, pet. granted). In *DeMino*, the plaintiff brought suit against Sheridan, the University of Hous-

affirmative claim contemplated in *Reata*." *See* Dissenting Opinion. The principle expressed by the dissent is inapplicable in the instant case, however, because here attorneys' fees are at issue-not costs. *See Parks v. De-Witt County Elec. Coop.*, 112 S.W.3d 157, 162

(Tex.App.—Corpus Christi 2003, no pet.) (" 'Costs' do not generally include costs billed to the client as part of an attorney fee."). Thus, *Bexar*, which makes absolutely no mention of how *Reata* applies to a governmental entity's claim for attorneys' fees, is inapposite.

ton Provost. The record, in *DeMino,* reflected that Sheridan did not file a separate pleading suggesting a counterclaim. Rather, his general prayer for relief asked for attorneys' fees and costs of court. *Id.* at 372. The *DeMino* court stated that the issue of whether an answer pleads a counterclaim or is defensive is whether a defendant could have maintained an independent suit. If the suit could not have been maintained, it is defensive. *Id.* The court concluded that Sheridan did not invoke the jurisdiction of the trial court by his general prayer. *Id.*

Likewise, in *Harris County Toll Road,* the court held that the governmental entity had not initiated the suit, but merely prayed for attorneys' fees in its prayer for relief. Because the prayer could not be characterized as an offset within the meaning of *Reata,* Harris County's immunity was not waived. *See id.* at \*12. Finally, in *Bexar Metropolitan Water District,* the San Antonio court of appeals opined that a general pleading for costs is not the type of affirmative claim contemplated in *Reata. Id.* at 32. *See contra Dequire v. City of Dallas,* 192 S.W.3d 663, 666 (Tex.App.—Dallas 2006, pet. filed) (holding that a defendant's counterclaim for attorneys' fees, asserted in response to a plaintiff's declaratory judgment action, is a claim for relief).

I agree with TDCJ that Powell did not assert a declaratory judgment against it, and disagree with the majority's statement that the pleadings sought only declaratory relief. I believe that Powell clearly requested compensatory damages, at least against Martinez. Powell's petition states: "Defendant Martinez violated the plaintiff's constitutional rights under the 14th Amendment ... for which the plaintiff seeks compensatory damages for violation of his constitutional rights." The majority states that the relief Powell seeks from TDJC is not entirely clear, but because TDCJ did not specially except to Powell's petition, the trial court had jurisdiction. In other words, the majority assumes jurisdiction because the pleadings are unclear.

The petition specifically states that Powell seeks a declaratory judgment against Martinez, one of the individual defendants he sued. I see nothing stated in the pleadings suggesting that Powell is seeking declaratory relief against TDCJ. The allegation against TDCJ appears to be that the "administrative agency or body's decision was not based upon sufficient evidence to reasonably support it's [sic] action in upholding a finding of guilt in the prison disciplinary proceedings ..." A defendant should not be required to file special exceptions suggesting to a plaintiff possible causes of action. *See Crabtree v. Ray Richey & Co.,* 682 S.W.2d 727, 728 (Tex. App.—Fort Worth 1985, no writ). Similarly, TDCJ filed a plea to the jurisdiction in response to Powell's pleaded claim against it. It was not incumbent upon TDCJ to also inquire, by way of special exception, whether or not Powell was seeking declaratory relief against it as well as Martinez. The plaintiff has the burden to plead facts affirmatively demonstrating the court's jurisdiction. *Tex. Dept. of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004). Even under a liberal reading of the pleadings, I do not believe that Powell pled facts demonstrating the trial court's jurisdiction.

The majority also states that sovereign immunity was not implicated because Powell sought only declaratory relief against TDCJ. Powell's contention against TDCJ is that the administrative decision purportedly made by TDCJ, was not based on sufficient evidence. The Uniform Declaratory Judgment Act, however, is remedial in nature, designed to afford relief from uncertainty and insecurity with respect to

rights, status, and other legal relations. TEX. CIV. PRAC. & REM.CODE ANN. § 37.002(b) (Vernon 1997). A declaratory judgment is only appropriate if there is a justiciable controversy about the rights and status of the parties and the declaration will resolve the controversy. *Bonham State Bank v. Beadle,* 907 S.W.2d 465, 467 (Tex.1995). The Act is a procedural device for deciding cases already within a court's jurisdiction. *Martin v. Texas Bd. of Crim. Justice,* 60 S.W.3d 226, 229 (Tex.App.—Corpus Christi 2001, no pet.). In *Martin,* the plaintiff argued that the declaratory judgment act conferred jurisdiction to declare the unconstitutionality of the law removing his good time credits and depriving him of liberty interests. *Id.* at 229. This court held that a district court has no constitutional or statutory jurisdiction to exercise supervisory control over prison officials. *Id.* at 230. Here, Powell does not want rights declared. Rather, he wants TDCJ's decision to be overruled.

While the majority, in essence, concludes that the mere mention of the words "declaratory judgment" in a petition fails to implicate and/or waives the immunity of TDCJ, for the reasons stated above, I disagree. Accordingly, I would affirm TDCJ's plea to the jurisdiction.