

NUMBER 13-06-00472-CV

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

KIRK WAYNE MCBRIDE, SR.,        Appellant,

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE -
CORRECTIONAL INSTITUTIONS DIVISION,     Appellees.

On appeal from the 343rd District Court
of Bee County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Chief Justice Valdez**

Appellant Kirk Wayne McBride, Sr., an inmate proceeding *pro se*, filed suit against

the Texas Department of Criminal Justice ("the Department") because it allegedly violated

his constitutional rights by not providing him notice of a grievance proceeding decision.

The trial court dismissed McBride's claims with prejudice for lack of jurisdiction. By a single

issue, McBride contends the trial court erred in dismissing his claims. We reverse and remand.

## I. Background

While an inmate at a Department facility, McBride was charged with possession of an alcoholic beverage, a facility infraction, and the Department entered findings against him in a disciplinary hearing. On September 14, 2004, McBride filed a "Step 1 Grievance" of the disciplinary hearing. The Department denied McBride's grievance on September 29. McBride alleged that he did not receive notice of the Department's decision on his Step 1 Grievance until October 21, 2004. After he received notice, McBride filed a "Step 2 Grievance." In his Step 2 Grievance, McBride alleged that he did not receive notice of the Department's decision in the Step 1 Grievance proceeding. The Department summarily denied McBride's Step 2 Grievance, and it notified McBride that the file was closed.

On January 10, 2005, McBride filed suit against the Department. McBride claimed that the Department's denial of his Step 2 Grievance without adequate notice was a denial of administrative and constitutional rights. He sought a judgment declaring that the Department had violated his constitutional rights by not providing him with notice of the decision in the Step 1 Grievance proceeding. McBride also sought an injunction to order the Department to provide him notice of the Step 1 Grievance proceeding so that he could proceed with his administrative remedies.

The Department filed an answer generally denying McBride's allegations. Additionally, the Department asserted that: (1) the McBride's claims were frivolous; (2) it enjoyed sovereign immunity from the suit; and (3) it was entitled to attorney's fees. On February 15, 2006, the Department filed a plea to the jurisdiction. In its plea, the

2

Department argued that the trial court lacked jurisdiction because McBride's claims were barred by sovereign immunity. The Department further argued that the claims should be construed as a challenge to a disciplinary action, which can only be raised through a habeas corpus proceeding. McBride responded to the Department's plea by arguing that it had waived immunity from suit by requesting attorney's fees. A telephonic hearing was held on February 15, 2006. On July 28, 2006, the trial court granted the Department's plea to the jurisdiction and signed an order dismissing McBride's claims with prejudice. This interlocutory appeal ensued. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(2) (Vernon Supp. 2007).

## II. DISCUSSION

A plea to the jurisdiction seeks dismissal because the trial court lacks subject-matter jurisdiction to consider the cause. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Whether a trial court has subject-matter jurisdiction is a question of law subject to de novo review. *Hoff v. Nueces County*, 153 S.W.3d 45, 48 (Tex. 2004); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Dep't of Family & Protective Servs. v. Atwood*, 176 S.W.3d 522, 527 (Tex. App.–Houston [1st Dist.] 2004, pet. denied). Ordinarily, if sovereign immunity is implicated, an inmate may not bring review of his TDCJ institutional disciplinary hearing before state district courts unless sovereign immunity is waived. *State Dep't of Crim. Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001).

On appeal, McBride argues that the trial court abused its discretion in dismissing his claims because the Department waived sovereign immunity by seeking affirmative relief in the form of attorney's fees. We agree. In a similar case, we held that the Department's

3

claim for attorney's fees is considered a claim for affirmative relief that waives sovereign immunity. *Powell v. Tex. Dep't of Crim. Justice*, 251 S.W.3d 783, 790-91 (Tex. App.–Corpus Christi 2008, pet. filed). Under our holding in *Powell*, the Department has waived sovereign immunity in this case by seeking affirmative relief in the form of attorney's fees. *Id.* McBride's sole issue is sustained.

### III. CONCLUSION

The dismissal order of the district court is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.

_____
ROGELIO VALDEZ
Chief Justice

Memorandum Opinion delivered and
filed this the 31st day of July, 2008.