IN THE SUPREME COURT OF TEXAS
 
════════════
No. 
08-0345
════════════
 
Institutional Division of the 
Texas Department of Criminal Justice and Miguel Martinez, 
Petitioners
 
v.
 
Arthur Powell, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the 
Thirteenth District of Texas
════════════════════════════════════════════════════
 
 
PER CURIAM
 
            
Justice Lehrmann did not 
participate in the decision.
            
Arthur Powell sued the Institutional Division of the Texas Department of 
Criminal Justice (the Department) and one of its officers, complaining that they 
deprived him of certain constitutional rights. The trial court dismissed 
Powell’s claims, and a divided court of appeals reversed. 251 
S.W.3d 783, 792. Because Powell has failed to state a claim, we reverse 
the court of appeals’ judgment and render judgment dismissing the 
case.
            
This case arises out of a disciplinary proceeding brought against Powell, 
an inmate at the Department’s McConnell Unit in Beeville, Texas. Officer Miguel 
L. Martinez, a guard at the prison, instructed Powell to walk along the right 
side of a yellow line in an orderly manner. Powell alleges that he did so, but 
thirty minutes later, he was approached in his cell and handcuffed by another 
officer for failing to follow the instruction. Powell was charged with “creating 
a disturbance”—an institutional disciplinary infraction—allegedly in retaliation 
for complaints his family had made about his mistreatment at the 
facility.
            
The Department held a disciplinary proceeding and determined that the 
disturbance charge was supported by evidence. Following the hearing, Powell 
filed step one and step two grievances pursuant to Department rules for 
appealing these decisions. He argued that the hearing officer’s refusal to allow 
him to call certain witnesses (including Officer Hagar, the officer who Powell 
alleged handcuffed him) denied him due process. The Department determined that 
the hearing officer’s denial was proper, as Hagar had not been present at the 
time of the incident. The Department also concluded that the hearing officer’s 
findings were supported by a preponderance of the evidence.
            
Powell then sued the Department, Officer Martinez, and Officer Gilbert 
Herrera. As to the Department, Powell argued that the administrative decision 
was not based on sufficient evidence and that his due process rights were 
violated by the hearing officer’s refusal to allow him to call Hagar as a 
witness. As to Martinez, Powell argued that the infraction was brought against 
him in retaliation for his family’s complaints about his alleged mistreatment at 
the facility. He did not allege any facts against Herrera (who was later dismissed from the suit).
            
The Department, Martinez, and Herrera denied the allegations and sought 
attorney’s fees and costs. The two officers specially excepted to Powell’s pleadings, and the Department filed a 
plea to the jurisdiction. After a hearing, the trial court rejected Powell’s 
claims, granted the officers’ special exceptions and the Department’s plea to 
the jurisdiction, and dismissed the suit. Powell made three arguments on appeal: 
(1) because his claim against the Department was for declaratory relief, it did 
not implicate sovereign immunity; (2) the Department waived sovereign immunity 
by seeking affirmative relief in the form of attorney’s fees and costs; and (3) 
the trial court erred in sustaining Martinez’s special exceptions. 251 S.W.3d at 787. A divided court of appeals agreed and 
reversed the trial court’s judgment. Id. at 
792.
            
As for his claims against the Department, Powell has abandoned his 
sufficiency of the evidence complaint here, and asserts instead that he seeks 
only a declaration of his constitutional rights. But Powell has also dropped his 
constitutional complaint that his inability to present testimony from certain 
witnesses violated his right to due process. Although he argued in the court of 
appeals that his witness exclusion claim was not subject to immunity, he no 
longer makes such a claim.[1] Instead, he now asserts that his 
constitutional claim against the Department is based on retaliation for his 
family members’ complaints about Powell’s alleged 
mistreatment.
            
In the trial court, however, the only constitutional claim he made 
against the Department related to his inability to present witnesses on his 
behalf, and the only relief sought was that the decision be vacated and 
remanded. The trial court gave Powell the opportunity to replead, but he chose not to do so. Nor 
would repleading remedy the problem. Although 
plaintiffs should be given an opportunity to replead 
"[i]f the pleadings are insufficient to establish 
jurisdiction but do not affirmatively demonstrate an incurable defect,” 
Westbrook v. Penley, 231 S.W.3d 389, 395 (Tex. 
2007), even if Powell repleaded his constitutional 
claim as a retaliation claim under 42 U.S.C. § 1983, that claim would fail 
for the reasons explained below. Because Powell has abandoned 
his sufficiency of the evidence and witness exclusion arguments on appeal, 
because his petition stated no other constitutional claims against the 
Department, and because Powell cannot recast his claim as a retaliation claim, 
the trial court correctly granted the Department’s plea to the 
jurisdiction.     As to Officer Martinez, Powell alleged 
that Martinez retaliated against Powell based on his family members’ complaints 
about Powell’s treatment by prison officials. Powell sought a declaration and 
damages from Martinez under 42 U.S.C. § 1983. Even assuming that Powell may 
assert a § 1983 claim based on deprivation of his family members’ constitutional 
rights—a point the Department contests—we hold that Powell has failed to state a 
valid claim against Martinez.
            
Prisoners have a First Amendment right to be free from retaliation for 
complaining about a prison official’s misconduct, and a violation of this right 
is actionable under 42 U.S.C. § 1983. Woods v. Smith, 
60 F.3d 1161, 1164 (5th Cir. 1995). “‘To prevail on a claim of 
retaliation, a prisoner must establish (1) a specific constitutional right, (2) 
the defendant’s intent to retaliate against the prisoner for his or her exercise 
of that right, (3) a retaliatory adverse act, and (4) causation.’” Morris v. 
Powell, 449 F.3d 682, 684 (5th Cir. 2006) (quoting McDonald v. 
Steward, 132 F.3d 225, 231 (5th Cir. 1998)), cert. denied, 549 U.S. 
1038 (2006).
            
Under the third prong of this test, acts of retaliation that are de 
minimis do not satisfy the “retaliatory adverse 
act” requirement. Id. at 684-85. “To establish a 
constitutional violation, an inmate must show that he suffered a qualifying 
adverse retaliatory act,” and “[i]f the retaliation alleged . . . does not pass this 
bar, he has suffered no constitutional injury.” Id. at 
684.
            
In making this determination, the Fifth Circuit has adopted the standard 
first set forth in Crawford-El v. Britton, 93 F.3d 813, 826 (D.C. Cir. 
1996): an inmate’s retaliation claim must allege adverse acts “that ‘would chill 
or silence a person of ordinary firmness from future First Amendment 
activities.’” See Morris, 449 F.3d at 685-86 (quoting Britton, 93 
F.3d at 826); see also Thaddeus-X v. Blatter, 
175 F.3d 378, 397 (6th Cir. 1999) (adopting the same standard). Thus, an 
inmate’s job transfer from the commissary to the kitchen was de minimis, while his transfer to a more dangerous prison 
was not. Morris, 449 F.3d at 687; see also Bibbs v. Early, 541 F.3d 267, 271-72 (5th Cir. 2008) 
(subjecting inmate to below-freezing temperatures for more than four hours 
during each of four consecutive nights was more than de minimis); Leggett v. Comer, 280 Fed. Appx. 333, 
336 (5th Cir. 2008) (purported confiscation of more than $11,000 of inmate’s 
personal property was not de minimis).
            
We agree that this is the appropriate standard for judging whether an 
inmate’s retaliation claim is de minimis. Here, 
Powell has not shown that Martinez’s actions “would chill or silence a person of 
ordinary firmness from future First Amendment activities.” Morris, 449 F.3d at 685 (quotations omitted). While 
Powell was charged with a disciplinary infraction, the record contains no 
allegation or evidence of any punishment threatened or imposed for the 
alleged infraction, and evidence of such sanctions would necessarily present a 
different question than the one we face here. Instead, Powell asserts only that 
disciplinary proceedings were instituted. Cf. Starr v. Dube, 334 Fed. Appx. 341, 342-43 (1st Cir. 
2009) (per curiam) (holding that the mere institution 
of disciplinary proceedings, which were later dismissed, would not deter an 
inmate of ordinary firmness from continuing to exercise his constitutional 
rights); Bridges v. Gilbert, 557 F.3d 541, 555 (7th Cir. 2009) 
(concluding that “[a] single [allegedly unjustified] retaliatory disciplinary 
charge that is later dismissed is insufficient to serve as the basis of a § 1983 
action”). But see Zarska v. 
Higgins, 171 Fed. Appx. 255, 259-60 (10th Cir. 
2006) (filing retaliatory disciplinary proceedings “‘would chill a person of 
ordinary firmness’” from future exercise of his or her rights (quoting Poole 
v. County of Otero, 271 F.3d 955, 960 (10th Cir. 2001))); Brown v. 
Crowley, 312 F.3d 782, 789 (6th Cir. 2002) (a reasonable jury could find 
that filing a retaliatory charge exposing an inmate to a “risk of significant 
sanctions” could deter persons of “ordinary firmness” from exercising their 
rights), cert. denied, 540 U.S. 823 (2003). Without more, we are unable 
to conclude that Powell has alleged an adverse act that was more than de 
minimis. Accordingly, his § 1983 claim 
fails.
            
Without hearing oral argument, we reverse the court of appeals’ judgment 
and render judgment dismissing Powell’s claims.[2] Tex. R. App. P. 59.1, 60.2(c).
 
OPINION 
DELIVERED:    July 2, 
2010
 






[1] The 
court of appeals held that Powell had not challenged the trial court’s granting 
of Martinez’s special exceptions relating to Powell’s allegation that he was not 
allowed to present Hagar as a witness and “affirm[ed] 
the trial court’s dismissal of Powell’s claim against Martinez relating to the 
failure to allow testimony at the hearing.” 251 S.W.3d 783, 789 n.2.

[2] In 
light of our disposition, we do not reach the Department’s claim that the court 
of appeals erred in holding that the Department’s defensive request for 
attorney’s fees waived immunity under our holding in Reata Construction Corp. v. City of Dallas, 
197 S.W.3d 371, 384 (Tex. 2006). We note, however, that we recently held that 
such a request does not waive immunity. See Tex. Dep’t of Criminal Justice v. 
McBride, 53 Tex. Sup. Ct. J. 832, 833 (June 11, 2010 Tex. 
2010).